CATHERINE A. GENTILE & others vs. DIRECTOR OF THE
DIVISION OF EMPLOYMENT SECURITY & another.

Worcester.    September 23, 1952. — December 1, 1952.

Present: QUA, C.J., RONAN, WILKINS, SPALDING, & WILLIAMS, JJ.

*Employment Security*, Stoppage of work through labor dispute. *Labor
    and Labor Union.  Contract*, Of employment.

Conclusions that claimants for benefits under the employment security
    law, G. L. (Ter. Ed.) c. 151A, as appearing in St. 1941, c. 685, § 1,
    as amended, were, at the time of making their claims, "last employed"
    at the establishment of a company at which there was a stoppage of
    work existing because of a strike, that their unemployment then was
    due thereto, and that they were disqualified by § 25 (b) from receiv-
    ing benefits were justified where it appeared that they had been em-
    ployees of the company and members of a labor union when it called
    the strike, that they were "still interested in the outcome of the
    strike," that they had stated that "they were going back to . . .
    [the company] when the strike was settled," and that they had not
    been replaced by the company, although they had received a letter
    from the company stating that if they did not return to work by a
    given date they would be replaced and had obtained during the strike
    temporary jobs with other employers from which they had been laid
    off.

PETITION, filed in the Central District Court of Worcester
on February 19, 1952, for review of a decision of the board
of review in the division of employment security.

The case was heard by *Barnes*, J.

*Sidney S. Grant*, for the petitioners.

*Francis E. Kelly*, Attorney General, & *Albert M. Cicchetti*,
Assistant Attorney General, for the director of the division
of employment security, submitted a brief.

WILLIAMS, J.    These are appeals by ten claimants for
unemployment benefits under G. L. (Ter. Ed.) c. 151A, as
appearing in St. 1941, c. 685, § 1, as amended, from a de-
cision of a judge of the Central District Court of Worcester
which affirmed a decision of the board of review in the divi-

sion of employment security of the department of labor and industries which in turn had affirmed a decision of the director of the division denying benefits to the claimants. The judge reported the appeals to this court in accordance with the rules of the District Courts made pursuant to G. L. (Ter. Ed.) c. 151A, § 42, as appearing in St. 1943, c. 534, § 6, as amended by St. 1947, c. 434. The report states that the parties have agreed that the decision of the board of review contains all the facts necessary to a decision by this court and that the question to be determined is whether the claimants "are in unemployment and eligible for benefits under" G. L. (Ter. Ed.) c. 151A, or are disqualified from the receipt of benefits by reason of § 25 (b) of that chapter.

The facts found by the board are substantially as follows. The claimants are employees of Reed and Prince Manufacturing Company of Worcester. With other employees they went out on strike on or about January 2, 1951, causing practically a complete stoppage of work. On March 2, 1951, the employer sent a general letter to all employees stating in effect that if they did not return to work as of a given date they would be replaced. This letter was ignored for the most part and at the time of the hearing the employer and the union maintained that there was still a substantial stoppage of work and that the strike was in effect. During the period of the strike some of the workers, including all of the claimants, sought other work. In all instances the claimants have had one or more jobs from which they have been laid off, and it is after the layoffs from other jobs with employers other than the one against whom the strike was directed that they filed the claims in issue. The claimants had been employed by Reed and Prince Manufacturing Company for long periods, their respective terms of employment running "from several to forty years." "They were all members of the union that had called the strike and in some instances, even during the period when they had had other employment, they did picket duty and kept their eye on the progress of the strike." "In all cases the claimants were still interested in the outcome of the strike"

and had stated "that they were going back to Reed and Prince when the strike was settled." The factual conclusion of the board was: "It necessarily follows that such intermittent employment that the claimants had from time to time during the strike was merely temporary employment, for in no way did they indicate to the employer or the union that there was any intention on their part to terminate their employment relationship with Reed and Prince. This intermittent work was of a temporary nature and apparently was used as a stopgap until such time as the strike was settled and the employees could return to work with Reed and Prince. . . . Therefore their unemployment is still due to a stoppage of work which exists because of a labor dispute at the establishment of Reed and Prince."

The findings of the board of review as to the facts, if supported by any evidence, are conclusive. G. L. (Ter. Ed.) c. 151A, § 42, as amended. *Weiner* v. *Director of the Division of Employment Security*, 327 Mass. 360, 363.

Section 25 in part provides that "no benefits shall be paid to an individual under this chapter for — . . . (b) Any week with respect to which the director finds that his unemployment is due to a stoppage of work which exists because of a labor dispute at the factory, establishment or other premises at which he was last employed; provided, that this subsection shall not apply if it is shown to the satisfaction of the director that — (1) He is not participating in or financing or directly interested in the labor dispute which caused the stoppage of work . . . ." See *Ford Motor Co.* v. *Director of the Division of Employment Security*, 326 Mass. 757; *Martineau* v. *Director of the Division of Employment Security, ante*, 44.

The disqualification of the claimants from a right to unemployment benefits depends upon whether the establishment of Reed and Prince Manufacturing Company was the place where they were "last employed." In G. L. (Ter. Ed.) c. 150A, inserted by St. 1938, c. 345, § 2, wherein employees are given the right to organize and to bargain collectively, it is provided in § 2 (3) that when used in this chapter the

term employee "shall include any individual whose work has ceased as a consequence of, or in connection with, any current labor dispute . . . and who has not obtained any other regular and substantially equivalent employment." This court has said that "in the absence of a statute it has been generally regarded that employees who quit their work to wage a lawful strike in a lawful manner still continue as employees, at least in reference to matters connected with the strike." *Mengel* v. *Justices of the Superior Court*, 313 Mass. 238, 242. See *Iron Molders' Union No. 125 of Milwaukee* v. *Allis-Chalmers Co.* 166 Fed. 45; *Michaelson* v. *United States*, 291 Fed. 940; *Jeffery-De Witt Insulator Co.* v. *National Labor Relations Board*, 91 Fed. (2d) 134; *Mark Hopkins, Inc.* v. *California Employment Commission*, 24 Cal. (2d) 744; *Sandoval* v. *Industrial Commission*, 110 Colo. 108, 119–120; *State* v. *Personett*, 114 Kans. 680; *Keith Theatre Inc.* v. *Vachon*, 134 Maine, 392; *Deshler Broom Factory* v. *Kinney*, 140 Neb. 889; *Greenfield* v. *Central Labor Council*, 104 Ore. 236; *Uden* v. *Schaefer*, 110 Wash. 391.

According to this statutory definition which we think in the circumstances is applicable to the claimants and in conformity with the weight of authority, the claimants remained the employees of Reed and Prince Manufacturing Company although out on strike and, because of the existing labor dispute, not actually engaged in the work of their employer. The board found correctly that their employment was not terminated either by the letter which was sent out by their employer or by their subsequent acceptance of temporary work. This letter did not purport to effect an immediate severance of the employment relationship but refers to a future date for replacement which is not stated in the record. See *Densten Hair Co.* v. *United Leather Workers International Union of America*, 237 Mass. 199, 202; *Employment Security Commission* v. *Jarrell*, 231 N. C. 381. It seems that none of the claimants in fact has been replaced. The employees did not treat the letter as terminating the relationship but "continued to negotiate through their union in an effort to end the strike." In taking tem-

porary jobs the claimants did not intend to obtain other regular employment. While they held these jobs and after they lost them their regular employment continued to be with Reed and Prince Manufacturing Company. Necessarily when they applied for unemployment benefits this was their last employment. Where the question has arisen it has been generally held that part time or temporary employment does not break the causal relation between stoppage of work due to a labor dispute and the consequent lack of work. See *Mark Hopkins, Inc.* v. *California Employment Commission,* 24 Cal. (2d) 744; *Bergen Point Iron Works* v. *Board of Review of the Unemployment Compensation Commission,* 137 N. J. L. 685; *Matter of Palmieri,* 276 App. Div. (N. Y.) 417. In our opinion the board could find that the claimants were last employed at the establishment of Reed and Prince Manufacturing Company and that, as their present unemployment is due to a stoppage of work resulting from a labor dispute at that establishment, they are disqualified from receiving unemployment benefits.

*Decision of the District Court affirmed.*