Joseph F. HUCK, Jr., and Division of Employment Security, a Public Quasi Corporation of the State of Missouri, (Plaintiffs) Respondents,

v.

The INDUSTRIAL COMMISSION of Missouri, and Pittsburgh Plate Glass Company, a Corporation of the State of Pennsylvania, (Defendants) Appellants.

No. 30952.

St. Louis Court of Appeals.

Missouri.

Oct. 16, 1962.

Motion for Rehearing or to Transfer to Supreme Court Denied Nov. 20, 1962.

Harry L. C. Weier, Dearing, Richeson & Weier, Hillsboro, for Pittsburgh Plate Glass Co.

Lloyd G. Poole, Jefferson City, for Industrial Commission of Missouri.

George Schwartz, Jefferson City, for Division of Employment Security.

Leo J. Rozier, Perryville, for Joseph F. Huck, Jr.

WOLFE, Judge.

Joseph F. Huck, Jr., plaintiff-respondent, brought this action for a judicial review of the findings and decision of the Industrial Commission. The Commission had held that Huck was ineligible for the unemployment compensation which he had claimed. The Circuit Court reversed the Commission, holding Huck eligible for unemployment compensation. The employer and the Commission then appealed from the judgment of the Circuit Court.

The facts of the matter are that Huck was an employee of the Pittsburgh Plate Glass Company. He had been in their employ for about eight years. He was a glass inspector and had seniority rights. His average wage for the year 1958 was $3.85 an hour. He was paid from October 1, 1957 to October 1, 1958, $7,400. He was a member of a union known as Local No. 63 of the Glass, Ceramic and Silica Sand Workers, AFL-CIO-CLC. His union was recognized by the employer as the bargaining representative for the production workers of the factory. On October 6, 1958 a

strike was called, and there was a complete stoppage of work.

Huck concedes that he is not entitled to any unemployment compensation by reason of the work stoppage which arose out of the labor dispute (Section 288.040, RSMo 1959, V.A.M.S.). He claims, however, that he comes under an exception contained in that section which, after first treating of the ineligibility of an employee because of a work stoppage, proceeds as follows:

> "* * * in the event he secures other employment from which he is separated during the existence of the labor dispute, he must have obtained *bona fide* employment as a permanent employee for at least the major part of each of two weeks in such subsequent employment to terminate his ineligibility."

His claim was first denied by a deputy of the Division of Employment Security, who stated as his reasons:

> "Claimant is ineligible because his grade and class of workers participated in the stoppage of work due to the labor dispute which began on 10–6–58.

> "Although the claimant secured work subsequently to the labor dispute he has not secured permanent work and has not removed the ineligibility."

Huck then appealed to the Appeals Tribunal from the ruling of the deputy.

A hearing was had before a referee of the Appeals Tribunal, and this appeal covered the claim of Huck and three others with whom we are not here concerned. The appeal was heard while the strike was still in progress. The testimony as it related to Huck was substantially as follows. He stated that after the strike which idled the glass factory began, he went to Union Local 520 of the Operating Engineers. This union had no connection with the union to which he belonged. It was composed of operators of heavy equipment such as graders, earth movers, and like machines used in construction work. It also had members who operated air compressors. In this field Huck had prior experience. He had operated a large Ingersoll Air Compressor. Although he was not a member of the Operating Engineers Union, he could work on a permit for which he paid $2.00 a week. He stated that he was listed as a permanent employee with the Engineers Union. Through the union he obtained two different jobs of one day's duration, and on October 14, 1958 he was sent by the union to Hartman-Walsh Painting Company. This company is a Missouri corporation, but the work it was doing was in East St. Louis, Illinois. He worked for this concern from October 14, 1958 to December 8, 1959, at which time the East St. Louis job terminated, and he was no longer employed by them.

He had no work after that, although he kept in touch with the Engineers Union. He stated that he was eligible for an apprentice program that the Engineers Union had, but he did not know how many years' experience he would be required to have before he could become a member of the union. He stated that he wanted to be a member and intended to seek permanent employment in construction work.

He had never given up his membership in the glass workers union, and there was no evidence that he had surrendered his seniority rights or other accumulated benefits with the Pittsburgh Plate Glass Company. He had not resigned as an employee of the company, and when asked if he would return to work at the termination of the strike, he said that he did not know. Upon the foregoing evidence the appeals referee found that any ineligibility which might have resulted for the claimant because of the labor dispute at the employer's factory had been terminated by the claimant's obtaining bona fide employment as a permanent employee with another company for the major part of more than two weeks.

The employer appealed this decision to the Commission, and the Commission upon review held:

"The finding of the Referee that claimant obtained permanent employment subsequent to the occurrence of the labor dispute with employer is contrary to the evidence, in that claimant indicated by his maintenance of his insurance and hospitalization program and other benefits with employer that he intended to return to his first employment upon termination of the strike. Claimant has not resigned his seniority with employer, nor has he indicated that he would refuse to return to work upon a settlement of the labor dispute. Claimant further indicated a willingness to return to work for employer upon termination of the strike.

"The findings of the Referee that claimant has removed his ineligibility to receive compensation by reason of employment with another employer is not supported by competent and substantial evidence. Said findings are further contrary to the law under the evidence.

"The evidence supports the conclusion arrived at by the Deputy that claimant is ineligible for benefits because of a stoppage of work on account of a labor dispute."

The claimant Huck then brought this action for a judicial review of the decision of the Industrial Commission, and the Circuit Court reversed the Commission. It is from the judgment reversing the Commission that the employer and the Commission prosecute this appeal.

There are constitutional limitations upon judicial review of decisions of administrative agencies such as the Industrial Commission. It is provided: " * * * such review shall include the determination whether the same are authorized by law, and in cases in which a hearing is required by law, whether the same are supported by competent and substantial evidence upon the whole record." Constitution of Missouri, Article 5, § 22.

■ The review is based upon the whole record, including the reasonable inferences therefrom and in the light most favorable to the award of the Commission, to determine whether the decision is supported by competent and sufficient evidence. The decision of the administrative agency is not to be set aside unless clearly contrary to the overwhelming weight of the evidence or unauthorized by law. Section 536.140, RSMo 1959, V.A.M.S.; Brown v. Anthony Manufacturing Company, Mo.Sup., 311 S.W.2d 23; Wood v. Wagner Electric Corporation, 355 Mo. 670, 197 S.W.2d 647; Meyer v. Industrial Commission of Missouri, 240 Mo.App. 1022, 223 S.W.2d 835.

■ The burden of proof is upon the claimant to establish his right under the compensation law, and this burden never shifts but remains throughout the trial of the issues upon the party asserting the claim. Haynes v. Unemployment Compensation Commission, 353 Mo. 540, 183 S.W.2d 77. The claimant here asserts that he has proven himself within the exceptions set out in Section 288.040, RSMo 1959, V.A.M.S. He claims that he did seek bona fide permanent employment, from which he was separated after he had worked at such employment for a period of more than two weeks.

The question before us is whether or not, under the evidence presented, the Commission was obliged to grant compensation by reason of the quoted portion of Section 288.040, supra.

■ As stated in Haynes v. Unemployment Compensation Commission, supra, we seek the true intent of the lawmakers from the words used, if possible. We put upon the language of the Legislature its plain and rational meaning, having in mind its object and purpose.

Section 288.040, subsection 4, starts with the provision that if there is a work stoppage due to a labor dispute, no compensation will be paid to employees unemployed by reason of the work stoppage. Those employees who do not participate in the strike or are not financing it or directly interested in it are not barred from compensation, provided they are not members of the grade or class of workers who are striking. This portion of the section is quite clear and simply bars those employees from compensation where their group strikes or they aid another striking group in the manner stated. It is admitted that Huck was a member of the striking group and consequently did not come within either of the exceptions.

In Meyer v. Industrial Commission of Missouri, 240 Mo.App. 1022, 223 S.W.2d 835, supra, l. c. 838, we said:

"The statute attempts to reach a neutral position between the employer and employee by the provision denying benefits when the unemployment is due to a strike and further providing that no one who is unemployed shall be denied benefits because of refusing to fill a position where the vacancy is caused by a strike." (Section 288.050, subsection 1(2) (b) b, RSMo 1959, V.A.M.S.)

It is only equitable that employers should not be taxed for unemployment benefits that would aid employees in a strike against the employers. It is equally apparent that a striking employee should not be barred from compensation if he wishes to abandon his position as a striker and seek permanent work with another employer and is subsequently dismissed from the other employment he obtains.

■ This is the generally accepted law regardless of the statute. It is also generally stated that "in order effectively to terminate his disqualification his subsequent employment must be bona fide, not a device to circumvent the statute, and must completely sever relations between him and his former employer." 81 C.J.S. Social Security and Public Welfare § 196, page 290; Mark Hopkins, Inc. v. California Employment Commission, 24 Cal.2d 744, 151 P.2d 229, 154 A.L.R. 1081.

Our statute did not change this rule. It added to it the requirement that the new employment, in addition to being bona fide and permanent, must be for at least the major part of each of two weeks' duration. The strike caused only a temporary suspension of the employer-employee relationship as distinguished from the definite unequivocal termination which occurs when the worker quits his job. Producers Produce Co. v. Industrial Commission, 365 Mo. 996, 291 S.W.2d 166, l. c. 176.

Huck had never quit as an employee of the Glass Company. He had earned $7,400 in the twelve months preceding the strike. He refused to say whether or not he intended to return to the Glass Company when the strike ended. All of this lends support to the finding of the Commission that the work which he had as an operator of an air compressor was not bona fide permanent employment and that he was still an employee of the Glass Company, although that employment was suspended by the work stoppage.

■ For these reasons we hold that Huck was not, as a matter of law, entitled to compensation under the statute, and that the decision of the Industrial Commission was not against the overwhelming weight of the evidence. The Circuit Court erred in reversing the findings and decision of the Commission, and the judgment of the Circuit Court is therefore reversed and the decision of the Industrial Commission is affirmed.

ANDERSON, P. J., concurs.

RUDDY, J., not participating.