Harry R. EVANS, Donald T. Alcott, Thomas W. Bond, Marsh Mallette, Sidney G. Jones, Roger L. McClanahan, and Victor C. McKee, (Plaintiffs) Appellants,

v.

The INDUSTRIAL COMMISSION of Missouri: Division of Employment Security, a Public Quasi Corporation of the State of Missouri: and Pittsburgh Plate Glass Company, a Corporation of the State of Pennsylvania, (Defendants) Respondents.

No. 31045.

St. Louis Court of Appeals. Missouri.

Oct. 16, 1962.

Motion for Rehearing or to Transfer to Supreme Court Denied Nov. 20, 1962.

Leo J. Rozier, Perryville, for appellants.

Harry L. C. Weier, Dearing, Richeson & Weier, Hillsboro, for Pittsburgh Plate Glass Co.

Lloyd G. Poole, Jefferson City, for Industrial Commission of Missouri.

WOLFE, Judge.

This action to review the findings of the Industrial Commission of Missouri was brought by Evans and six other employees of the Pittsburgh Plate Glass Company. Each had filed a claim for unemployment compensation, and all claims had been brought by appeal to the Industrial Commission. The Commission denied all of the claims, and this action was brought to review the Commission's decision. The Circuit Court affirmed the Commission, and the claimants now appeal to this court.

The facts in these claims are closely related to the case of Huck v. Industrial Commission of Missouri, 361 S.W.2d 332, handed down concurrently with this opinion. Huck and all of the claimants here were striking employees of the Pittsburgh Plate Glass Company. All of the claimants were members of a union known as Local No. 63 of the Glass, Ceramic and Silica Sand Workers, AFL–CIO–CLC. The union was recognized by the employer as the bargaining representative for the production workers of the factory. The claimants were production workers. They all went on strike on October 6, 1958, and there was a complete stoppage of work.

Conceding that they are not entitled to unemployment compensation by reason of

the work stoppage which arose out of the labor dispute (Section 288.040, RSMo 1949, V.A.M.S.), they all claim that they come under the exception contained in that section which, after stating that no employee shall be eligible for unemployment benefits because of a work stoppage, proceeds as follows:

> " * * * in the event he secures other employment from which he is separated during the existence of the labor dispute, he must have obtained *bona fide* employment as a permanent employee for the major part of each of two weeks in such subsequent employment to terminate his ineligibility."

All of the claimants here did obtain work for the major part of two weeks while the strike was in progress, and all seven claim that this subsequent work was terminated due to layoffs or weather conditions. All assert that it was bona fide employment as a permanent employee subsequent to the strike and during its continuance.

The Union and the Pittsburgh Plate Glass Company had agreed to carry on an insurance program for each of the union members desiring to do so. Half of the premium of the insurance was paid by the company and half by the employee. Most of the claimants here signed a card requesting that their insurance be continued and that their portion of the cost thereof be deducted from future wages. Those who did not sign such a card paid their portion of the cost of continuing the union and company insurance. None of them quit or gave up any seniority rights with the Pittsburgh Plate Glass Company.

The Commission made the following finding:

> "The commission finds that there was a stoppage of work, as defined by law, at the employer's plant; that such stoppage began on October 6, 1958 and continued thereafter and was still in existence at the time of the hearing on January 30, 1959; that such stoppage

of work was caused by a labor dispute between the employer and the union to which the claimants belonged; that the claimants belonged to a grade or class of workers of which, immediately preceding the commencement of the stoppage, there were members employed on the premises at which the stoppage occurred, some of whom were participating in the dispute; that the unemployment of each of the claimants which began on October 6, 1958 was due to a stoppage of work which existed because of a labor dispute in the factory, establishment or other premises in which the claimants were last employed; and that, therefore, each of the claimants are ineligible for waiting week credit or benefits for weeks claimed beginning October 6, 1958. Under the law, the claimants' ineligibility may be terminated in the event other employment is secured from which a separation occurs during the existence of the labor dispute, if such other work is bona fide employment as a permanent employee for at least the major part of each of two weeks. Between October 6, 1958 and January 30, 1959 each of the claimants worked for other employers for varying periods of time.

> "In a case of this sort for a claimant to terminate his ineligibility for benefits, it is necessary that it be shown that the unemployment was 'bona fide' and was 'as a permanent employee', along with a showing that the work covered at least the major part of each of two weeks.

> "The burden of establishing a claimant's right to benefits under the law, rests on the claimant and the burden never shifts. Haynes v. Unemployment Compensation Commission, 353 Mo. 540, 183 S.W.2d 77. The evidence before the Commission shows that each of the claimants was a member of Local No. 63, the striking union; that each of the claimants did not know if

they would return to work for the employer if the strike was settled; and that each of the claimants had seniority with the employer of between ten and 29 years. Each of the claimants continued their participation in the insurance program maintained in their behalf by the employer and the union, and had signed check-off cards authorizing the employer to deduct from future wages premium payments made by it. There was no evidence that the claimants had discontinued their membership in Local No. 63 during the period of the strike nor was there any evidence that there had been a severance of the employee-employer relationship between the claimants and the struck employer at any time prior to the time of the hearing.

"The Commission believes that employment to be considered as 'bona fide employment as a permanent employee' would, among other factors, require that an individual accepting such employment have no reservations as to the length of time he would remain or continue in such employment. In the instant case the existence of such a reservation on the part of each of the claimants is shown by the fact that between October 6, 1958 and January 30, 1959, none of the claimants formally resigned from the employ of the employer; and none gave notice to the employer that they intended to surrender any rights of seniority or accumulated benefits, including their continued participation in the insurance program with the employer. All of the claimants were regular employees of the employer on strike. Each of the claimants continued to be an active participant in the strike as each maintained their membership in Local No. 63 between October 6, 1958 and January 30, 1959. Furthermore, the Commission believes that employment of a short duration admits of an inference that it was not entered into

in good faith with the intent that it be as a permanent employee. The Commission finds that none of the claimants obtained bona fide employment as a permanent employee between October 6, 1958 and January 30, 1959. It is the opinion of the Commission that the work performed by the claimants for other employers between October 6, 1958 and January 30, 1959 was in the nature of interim, stop-gap, casual or temporary work. The Commission further finds that the claimants herein are ineligible for waiting week credit or benefits for weeks for which benefits were claimed between October 6, 1958 and January 30, 1959, because their total or partial unemployment was due to a stoppage of work which existed because of a labor dispute in the factory, establishment or other premises, in which they were last employed. Because of the foregoing finding it is unnecessary for the Commission to make a finding as to the claimants' availability for work during the weeks for which claims were filed.

*"DECISION:*

"The decision of the Appeals Tribunal is reversed. Claimants are ineligible for waiting week credit or benefits for weeks claimed between October 6, 1958 and January 30, 1959."

■ As we stated in the case of Huck v. Industrial Commission, supra, the law relating to unemployment subsequent to the strike and while the strike is in progress, in order to qualify a claimant for unemployment compensation when such subsequent work is terminated, must meet the requirements set down in 81 C.J.S. Social Security and Public Welfare § 196 page 290, which is as follows: "In order effectively to terminate his disqualification his subsequent employment must be bona fide, not a device to circumvent the statute, and must completely sever relations between him and his former employer."

We fully discussed in the Huck case the limitations upon court review of administrative decisions; the burden of proof in unemployment compensation cases; and other related matters which need not be repeated here. It is sufficient to state that the court cannot substitute its judgment for that of the Commission. There was sufficient evidence to support the findings made and the decision reached.

The judgment of the Circuit Court affirming the award of the Commission is therefore affirmed.

ANDERSON, P. J., and GEORGE P. ADAMS, Special Judge, concur.