GREAT LAKES STEEL CORPORATION *v.*
EMPLOYMENT SECURITY COMMISSION.

1. Unemployment Compensation—Employment—Employing Unit
—Words and Phrases.

   "Employment" is service performed for remuneration or under
   any contract for hire, and if a person is working for an interim
   employer under these conditions, he is "employed" by that
   interim employer, even though the person is on strike against
   a previous employer, and the interim employer shall be con-
   sidered the employing unit for purposes of determining his
   eligibility for unemployment compensation (CLS 1961, §§
   421.42, 421.48).

2. Same—Employing Unit—Disqualification for Benefits.

   Employees who cease work at a place due to a strike by their
   union and who work for a second employer during the strike,
   and are then laid off by the second employer *held,* not dis-
   qualified for unemployment compensation benefits because their
   layoff by the last establishment in which they were employed
   was not due to a labor dispute in which they were interested
   (CLS 1961, §§ 421.29, 421.42, 421.48).

Appeal from Court of Appeals, Division 2, T. G.
Kavanagh, P. J., Burns and McGregor, JJ., revers-
ing Ingham, Hughes (Sam Street), J.   Submitted
May 7, 1968.   (Calendar No. 2, Docket Nos. 51,858–
51,860.)   Decided September 25, 1968.

6 Mich App 656, affirmed.

References for Points in Headnotes

[1] 48 Am Jur, Social Security, Unemployment Insurance, and Re-
    tirement Funds §§ 15, 28.
[2] 48 Am Jur, Social Security, Unemployment Insurance, and Re-
    tirement Funds § 36.

Claim by Thomas Moceri and 73 others for unemployment benefits after being laid off from interim employment obtained while on strike against Great Lakes Steel Corporation. Claims denied. Claimants appealed to referee who granted benefits chargeable against interim employers and denied benefits chargeable against Great Lakes. Appeal to appeal board by Employment Security Commission, joined in some cases by Ford Motor Company and Chrysler Corporation. Claims granted by appeal board against both interim employers and Great Lakes. Great Lakes appealed to circuit court. Circuit court reversed appeal board, reinstating determination of commission. Claimant Moceri and others appealed to Court of Appeals. Reversed, reinstating ruling of appeal board. Great Lakes, Ford Motor Company, and Chrysler Corporation appeal. Affirmed.

*Beaumont, Smith & Harris* (*Frank E. Cooper,* of counsel), for plaintiff Great Lakes Steel Corporation.

*Wright Tisdale* (*Richard B. Darragh, Joseph A. O'Reilly,* and *Richard A. Fellrath,* of counsel), for plaintiff Ford Motor Company.

*G. Lee Philp* and *Charles W. Wexler,* for plaintiff Chrysler Corporation.

*Kasoff, Young, Gottesman & Kovinsky,* for defendants.

T. M. Kavanagh, J. Claimants in this cause were employed by the Great Lakes Steel Corporation. On July 15, 1959, claimants, among others, went on strike because of a labor dispute at Great Lakes

Steel. The strike lasted from July 15 to November 9, 1959.

Subsequent to the commencement of the strike, claimants obtained interim employment with Ford Motor Company, Chrysler Corporation, and other employers. From this employment claimants were laid off before the strike at Great Lakes Steel had ended. The duration of their employment varied from a few days to several weeks. They seek benefits[1] for the period of unemployment between the time they were laid off by the interim employers and the time they returned to work at Great Lakes Steel.

Claimants filed for unemployment compensation benefits with the Michigan employment security commission. Their claims were administratively denied. On appeal, the referee held claimants were disqualified for benefits from their previous employer, Great Lakes Steel Corporation, but were eligible for benefits chargeable against the most recent employers where claimants were separated from interim employment under nondisqualifying circumstances.

The appeal board modified the decision of the referee, holding claimants were disqualified for benefits for the duration of their unemployment arising out of the labor dispute at Great Lakes Steel; further, that when they accepted *bona fide* employment with another employer and were laid off by that employer, claimants would qualify for compensation chargeable to the last interim employer.

The Ingham county circuit court reversed the decision of the appeal board. It affirmed the initial determination denying all benefits and holding claimants were disqualified under section 29(1)(b)[2] of the employment security act, since Great Lakes Steel was their last employer.

---

[1] See CL 1948 and CLS 1961, § 421.1 *et seq.*, as amended.
[2] CLS 1961, § 421.29 (Stat Ann 1960 Rev § 17.531).

The Court of Appeals, relying upon the statutory definition of employment contained in section 42[3] of the Michigan employment security act, reversed the judgment of the circuit court and reinstated the ruling of the appeal board holding the interim employers were claimants' last employers since they were the employers for whom claimants had last rendered services and from whom they had received remuneration. 6 Mich App 656.

We believe the issue can be stated in two parts as follows:

(1) Were the claimants last employed by the interim employers within the definition of section 42 of the Michigan employment security act?

If the answer is in the affirmative—

(2) Were these claimants disqualified from receiving benefits under section 29(1)(b) of the act?

The pertinent statutory provisions read in part:

"Sec. 42. (1) Subject to the other provisions of this section 'employment' means service, including service in interstate commerce, performed for remuneration or under any contract of hire, written or oral, express or implied." CLS 1961, § 421.42 (Stat Ann 1960 Rev § 17.545).

"Sec. 29. (1) An individual shall be disqualified for benefits:     *     *     *

"(b) For any week with respect to which his total or partial unemployment is due to a stoppage of work existing because of a labor dispute in the establishment in which he is or was last employed." CLS 1961, § 421.29 (Stat Ann 1960 Rev § 17.531).

"Sec. 48. An individual shall be deemed 'unemployed' with respect to any week during which he performs no services and with respect to which no remuneration is payable to him, or with respect to any week of less than full-time work if the remuneration payable to him is less than his weekly ben-

---

3 CLS 1961, § 421.42 (Stat Ann 1960 Rev § 17.545).

efit rate." CLS 1961, § 421.48 (Stat Ann 1960 Rev § 17.552).

All employers appeal and argue that claimants were not "unemployed" within the following exception to the definition of that term as contained in section 48 of the act:

"Provided, that any loss of remuneration incurred by an individual during any week resulting from any cause other than the failure of *his employing unit* to furnish full-time, regular employment shall be included as remuneration earned for purposes of this section." (Emphasis added.)

They argue that under this exception a loss of remuneration resulting from the fact that an employee is on strike is a loss resulting from a cause "other than the failure of *his employing unit* to furnish full-time, regular employment." (Emphasis added.) They further contend that these claimants would have had full-time employment if they had not elected to go on strike, that therefore the loss of remuneration incurred as a result of being on strike must be included as remuneration earned under the language of section 48.

The Court of Appeals refused to accept this "novel construction of section 48" and said (p 665):

"We regard it as an error which stems from a misconstruction of the term 'employing unit' as that term is used in the proviso to section 48. The underlying assumption of the trial court was that, since an employer-employee relationship existed between claimants and Great Lakes throughout the period in question, Great Lakes was the 'employing unit.' With this we disagree.

"We have previously held that although an employer-employee relationship did so exist between Great Lakes and the claimants for certain purposes, the interim employer became the 'establishment in

which he is or was last employed,' when employment with such employer had been obtained. In our view, the interim employer then also became the 'employing unit' within the meaning of section 48. To hold otherwise would render purposeless the disqualifying provisions of section 29(1)(b), specifically relating to striking workers, since they would already be precluded from receiving benefits under the provisions of section 48. We find, therefore, that each interim employer, and not Great Lakes, is the 'employing unit' referred to in the proviso to section 48."

We agree with the Court of Appeals in its reasoning and conclusion that the interim employers, and not Great Lakes, were the employing units.

We must now ascertain whether these claimants were "employees" of the "interim employing units" within the definition of "employment" contained in section 42(1) of the act.

*Nordman* v. *Calhoun* (1952), 332 Mich 460, provides the test. In *Nordman* this Court, citing as authority *Acme Messenger Service Co.* v. *Unemployment Compensation Commission* (1943), 306 Mich 704, said at page 466:

"In our opinion the statutory definition of 'employment' as provided in section 42(1) of the act is clear and unambiguous. It means service performed for remuneration or under an oral or written contract for hire."

Applying this test to the claimants, we conclude they are individuals who were not performing services for Great Lakes Steel for remuneration during the interim employment, but were as a matter of fact providing services for the interim employers from whom they received remuneration.

Since the claimants were employees of the interim employers, applying the language of section 29(1)

(b) we conclude that Great Lakes Steel was not the last employer of claimants and, therefore, the disqualification provisions of section 29(1)(b) do not apply because Great Lakes Steel was not the establishment in which claimants were last employed.

We hold the claimants to be eligible for benefits because of layoffs by their interim employers.

The judgment of the Court of Appeals is affirmed. Claimants may tax costs.

Dethmers, C. J., and Kelly, Black, O'Hara, Adams, and T. E. Brennan, JJ., concurred.