**Thomas C. DALE, Petitioner,**

v.

**EMPLOYMENT SECURITY COMMISSION and E. I. DuPont de Nemours & Company, Respondents.**

Superior Court of Delaware, New Castle.

April 17, 1970.

Harvey B. Rubenstein, Wilmington, for petitioner.

Jacob Kreshtool, Wilmington, for Employment Security Commission.

W. B. De Riemer, Wilmington, for DuPont.

## OPINION ON PETITIONER'S APPEAL FROM DECISION OF THE EMPLOYMENT SECURITY COMMISSION

BIFFERATO, Judge.

This case comes to this Court on appeal from a decision of the Employment Security Commission denying unemployment compensation benefits.

Petitioner was an apprentice carpenter working out of Local 626. He had been employed by the DuPont Construction Division for three years. On May 1, 1969, the Carpenters' Union began an economic strike against DuPont and all other construction companies in northern Delaware. Petitioner participated in this strike and did not return to DuPont during the pendency of the strike. On May 14, 1969, petitioner was sent by his local to Eastern Gunite to work. This was possible because they had signed a retroactive agreement with the Union to pay any wage increase that might be negotiated during the strike. After working there for approximately one and one-half weeks he was laid off for lack of work. He returned to the union hall and sought reassignment elsewhere. The strike was still in effect and there were no jobs available. On June 30, 1969, the strike terminated and petitioner resumed employment with DuPont.

Petitioner applied for unemployment following his lay-off by Eastern Gunite. The Claims Deputy denied benefits on the ground that petitioner was unemployed because of a work stoppage due to a labor dispute and because the employment was not considered bona fide work. On appeal the Referee affirmed the decision of the Claims Deputy on the ground that the work for Eastern Gunite was temporary and not bona fide employment and that petitioner's unemployment was due to a labor dispute at his regular place of employment. On appeal, the Employment Security Commission affirmed the Referee's decision.

It is not contested that petitioner only intended the employment at Eastern Gunite to be temporary and intended to return to DuPont when the strike was over. He claims, however, that the disqualification of 19 Del.C. § 3315(4) applies only where the unemployment is due to a work stoppage because of a labor dispute at the place where he was *last* employed. He argues that because his *last* place of employment was Eastern Gunite, and that the reason for his lay-off there was not a labor dispute but the unavailability of work, that 19 Del.C. § 3315(4) is inapplicable and that he is entitled to benefits for the period from May 25, 1969, through June 30, 1969.

The appellee contends that the petitioner continued to be an employee of DuPont

during the strike pursuant to 29 U.S.C. § 152(3) and that because of this status he had certain enforcement rights against DuPont. They argue that because of his continued status as an employee of Du-Pont that his brief employment at Eastern Gunite between May 14, 1969, and May 26, 1969, did not constitute those premises at which he "was last employed" and therefore he is not entitled to unemployment compensation.

19 Del.C. § 3315 states as follows:

"An individual shall be disqualified for benefits— * * *

(4) For any week with respect to which the Commission finds that his total or partial unemployment is due to a stoppage of work which exists because of a labor dispute at the factory, establishment, or other premises at which he is or was last employed."

The issue is whether the petitioner was last employed by Eastern Gunite within the meaning of 19 Del.C. § 3302(10) (A) and if he was, whether he is disqualified from receiving unemployment compensation benefits under 19 Del.C. § 3315(4).

The term "employment" is defined in 19 Del.C. § 3302(10) (A) as follows:

"Service * * * performed for wages or under any contract for hire, written or oral, express or implied."

Appellant contends that because the petitioner had certain employment rights with DuPont that his employment status there continued and was his last place of employment.

In Great Lakes Steel Corporation v. Michigan Employment Security Commission, 6 Mich.App. 656, 150 N.W.2d 547 (1967), affirmed, 381 Mich. 249, 161 N.W. 2d 14 (1968) the Court faced a similar problem involving two statutes almost identical to 19 Del.C. § 3315(4) and 19 Del.C. § 3302 (10) (A). In that case, claimants had been employed by the Great Lakes Steel

Corporation until a labor dispute arose which resulted in a strike. Employees of Great Lakes Steel obtained interim employment and were later laid off while the strike at Great Lakes Steel continued.

The Supreme Court of Michigan affirmed the Court of Appeals decision which held that the employees were entitled to benefits. The Court of Appeals rejected the employer's argument that the phrase "establishment in which he is or was last employed" in the Michigan statute should be construed to mean establishment where he was last *regularly* employed.

The Court of Appeals also rejected the employer's contention that the employment relationship continued during the strike and therefore the disqualification provision of the statute applied as this is where the claimants were "last employed". The Court freely acknowledged that the employer-employee relationship between Great Lakes Steel and its employees continued during the strike for some purposes but held that the continuity of the employment relationship was not at issue. The Court reasoned that where a person is laid off for lack of work, he is not denied benefits merely because of the continuance of the employer-employee relationship. The Court held that the issue to be decided was whether Great Lakes or the interim employer is the establishment where the claimant "is or was last employed".

I concur with the reasoning in the *Great Lakes Steel* case and acknowledge that the employment relationship between the claimant and DuPont did continue to exist for certain purposes and assume without deciding that under the Labor Management Relations Act of 1947, 29 U.S.C. § 152(3) the claimant remained an "employee" of *DuPont*.

This, however, is not the issue in the instant case. The issue is whether the claimant "was last employed" by DuPont or Eastern Gunite. I hold that the claimant was in the employment of Eastern

**46**

Gunite as defined by 19 Del.C. § 3302(10) (A).

The second question is whether the claimant is disqualified for receiving benefits under 19 Del.C. § 3315(4). The statute disqualifies a person from receiving benefits where unemployment is due to a labor dispute and work stoppage at the establishment "at which he is or was last employed". I have held that claimant was in the employment of Eastern Gunite subsequent to his employment at DuPont and it is clear from the record that he was laid off from Eastern Gunite due to lack of work. The question now is whether the statute is to be construed as meaning last *regular* employment or last *permanent* employment as the appellee suggests.

The construction trades are unique in that in a very real sense there is no such thing as a permanent job. When work on a project begins there is but one goal in sight and that is completion. There is no continuing demand for services once the particular project has been completed. It is in this context that we must view the appellee's suggestion that the statute be construed to require that the employment be the last *regular* or *permanent* employment. Though claimant worked for DuPont for three years, it could have been three days. If when the strike was over and he returned, there had been no work there would be no job. The crux of the matter is that the work at Eastern Gunite was as permanent as any in the construction field; there was a position until the particular work involved had been completed. At that time the search for work would begin again.

For the above reasons I hold that the construction of 19 Del.C. § 3315(4) suggested by the appellee is inapplicable in the present context. An additional reason for refusing this construction is that it is not the function of the Court to read words into statutes unless it is necessary to give an intelligible meaning to the statute. The statute says nothing about permanent employment and is intelligible without construing it as such.

Lastly, the Supreme Court of this State has held that the unemployment compensation act should be construed in favor of the employee and that benefits should not be denied "unless the Legislature itself has demonstrated an intent to do so by words fairly clearly showing such intent." Emrick v. Unemployment Compensation Commission, 3 Storey 561, 173 A.2d 743, 745 (Sup.Ct.Del., 1961).

Accordingly, the Employment Security Commission's decision is reversed and the case is remanded to the Unemployment Compensation Commission for the purpose of determining the compensation for which the claimant is entitled. It is so ordered.