The **DOW CHEMICAL COMPANY** and The Chamber of Commerce of the United States of America, Plaintiffs,

v.

S. Martin **TAYLOR**, Director of the Michigan Employment Security Commission, et al., Defendants,

United Steelworkers of America, AFL–CIO, et al., Intervenors.

Civ. A. No. 38644.

United States District Court,
E. D. Michigan, S. D.

Nov. 1, 1972.

Thomas W. Misner, Midland, Mich., Lawrence M. Cohen, Lederer, Fox & Grove, Chicago, Ill. (Robert J. Finkel, Detroit, Mich., of counsel), for plaintiff Dow Chemical Co.

Milton A. Smith, O. F. Wenzler, The Chamber of Commerce of the United States, Washington, D. C., Gerard C. Smetana, Chicago, Ill., for the Chamber of Commerce of the United States.

Frank J. Kelley, Atty. Gen., State of Mich., G. M. Gourgon, E. J. Setlock, Asst. Attys. Gen., Detroit, Mich., for defendant Mich. Employment Security Comm.

Allen J. Kovinsky, Detroit, Mich., for defendant United Steelworkers.

Jordan Rossen, Detroit, Mich., for defendant UAW.

## MEMORANDUM OPINION

FEIKENS, District Judge.

Dow Chemical Company (Dow) and the Chamber of Commerce of the United States of America bring this action seeking declaratory relief as well as preliminary and permanent injunctive relief.

Plaintiffs assert that S. Martin Taylor, Director of the Michigan Employment Security Commission (MESC) and members of that Commission are unlawfully paying unemployment benefits to striking employees of Dow. This is denied.

The employees' certified bargaining representative, the United Steel Workers of America, AFL-CIO-CLC (USW), and the International Union, United Automobile, Aerospace and Agricultural Implement Workers of America (UAW) have been permitted to intervene.

According to Dow's complaint the facts are as follows. Since February 6, 1972, approximately 166 employees of Dow have been engaged in a strike at Dow. About February 8, 1972, some 130 of these employees applied for and were denied unemployment benefits pursuant to Michigan law disqualifying persons out of work due to a labor dispute in active progress. M.C.L.A. § 421.-29(8).

On February 11, 1972, and at various dates since, these striking employees obtained other employment and were subsequently laid off. These employees then reapplied to the MESC for unemployment benefits. MESC determined that the interim employment terminated any disqualification under Michigan law, and the workers were deemed qualified for and received unemployment compensation; they continue to receive these benefits.

Dow has contested the determination of eligibility of these workers. At present, the matter is before the administrative appeal apparatus of the MESC. Should Dow fail to obtain a desired ruling before the Commission, it has the option of seeking relief in the Michigan judicial system.

Plaintiffs urge the continued payment of benefits results in two basic adverse effects: (1) unfair charges against Dow's "rating account" * and (2) infringement on Dow's federally protected right to bargain collectively.

As to the first complaint, it was indicated in oral argument that MESC is currently not charging Dow's account; it is awaiting a final decision under the state appeal procedures on the propriety of charging benefits to Dow's account. In any event, this court views the allegedly unfair charges against an employer's "rating account" as giving rise to a federal cause of action only to the extent that such assessments might infringe on Dow's federal collective bargaining right.

Thus the gravamen of Dow's complaint is the assertion that its federally protected right to bargain collectively is being infringed by a state. Affidavits submitted by plaintiffs suggest that the payment of unemployment compensation to strikers may make workers more willing to go out on strike and more willing to stay out.

To the complaint defendants make a number of responses. Initially, the jurisdiction of this court was challenged, but in oral argument this contention was abandoned. Thus, jurisdiction is proper.

█ Defendants also assert that the failure to join the workers as party defendants makes the complaint defective. This court concludes that the intervention of the workers' collective bargain-

---

* Rating accounts reflect the contribution payments and benefit charges of an employer. Generally, the greater the benefit charges paid out of the account of an employer the greater the contribution payments assessed from the employer in unemployment taxes.

ing agent eliminates this purported defect.

Fundamentally, defendants bring a motion to dismiss, or in the alternative they urge the court to abstain, stating that as a matter of law the federal/state plan of unemployment compensation does not interfere with federal labor laws. 26 U.S.C. § 3301 et seq.; 29 U.S.C. § 151 et seq.

The intervenors argue further that to deny unemployment compensation to strikers in this or any other labor dispute would be contrary to federal law and unconstitutional. *Cf.* Francis v. Davidson, 340 F.Supp. 351 (D.C.Md.1972), aff'd per curiam Davidson v. Francis, 409 U.S. 904, 93 S.Ct. 223, 34 L.Ed.2d 168 (1972). This court need not and does not decide this question.

Defendants cite a number of cases in support of their motion to dismiss. The most closely analogous to the case at bar is Grinnell v. Hackett, 344 F.Supp. 749 (D.R.I.1972). In that case the State of Rhode Island paid unemployment benefits to strikers pursuant to state law allowing such payments after a six-week waiting period. As in the case at bar the employer sought to enjoin the state from making the payments. The United States Chamber of Commerce, the Greater Providence Chamber of Commerce and the United Steel Workers intervened. The court received considerable evidence (two of the affidavits offered by plaintiffs in the instant case were presented in the *Grinnell* case). The court concluded, however, that "no findings on the issue of infringement of the federal collective bargaining process" were necessary. The court found instead that "the issue is appropriate for resolution by Congress, not by this Court" (754) and dismissed the action. See also Almacs, Inc. v. Hackett, 312 F.Supp. 964 (D.R.I.1970); ITT v. Minter, 435 F.2d 989 (1st Cir. 1970), cert. denied 402 U.S. 933, 91 S.Ct. 1526, 28 L.Ed.2d 868 (1971).

■ This court cannot follow the reasoning of *Grinnell* for resolution of the case at bar. Factually, there is an important distinction between Rhode Island and Michigan law. Michigan, unlike Rhode Island, bars all strikers from receiving unemployment benefits. In Michigan, a striker must obtain bona fide interim employment to eliminate the striker's disqualification. Great Lakes Steel Corp. v. Employment Security Commission, 381 Mich. 249, 161 N.W.2d 14 (1968).

■ More importantly, this court views the issue of supremacy as a mixed question of law and fact. This court does not believe, as defendants and intervenors suggest, that congressional inaction or failure to pass particular amendments to unemployment tax laws results in a definitive statement of congressional intent. Moreover, whether in fact the payment of unemployment compensation infringes an employer's collective bargaining right cannot be decided by this court on the pleadings submitted.

■■ It is settled law that a court should not grant a motion to dismiss for failure to state a claim on which relief can be granted "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45–46, 78 S.Ct. 99, at 102, 2 L.Ed.2d 80 (1957); Lemmon v. Ceder Point, Inc., 406 F.2d 94 (6th Cir. 1969); Jacob v. Pennsylvania R. R., 203 F.2d 290 (6th Cir. 1953). While the factual question of qualification remains undecided in Michigan state forums, this court declines to resolve the issue of supremacy by dismissing plaintiffs' action.

The interests of the parties, however, are too important to allow inaction and, therefore, this court does not choose to abstain. To preserve the status quo, it is ordered that defendants continue to refrain from assessing Dow's unemployment tax rating account for benefit pay-

ments pending resolution of this matter. This court retains jurisdiction and may be required to postpone consideration of the merits until the outcome of the state administrative and judicial appeals. Meanwhile, discovery and other matters necessary to prepare this case for trial should proceed, and this court will shortly summon counsel to a pretrial hearing.

An appropriate order may be submitted.