JOHN DIENES *et al.*, Plaintiffs-Appellants, *v.* KENNETH W. HOLLAND, Director of Labor, *et al.*, Defendants-Appellees.

First District (3rd Division)    No. 77-678

Opinion filed September 13, 1978.

Harold A. Katz, Irving M. Friedman, Jerome Schur, and Stanley Eisenstein, all of Chicago (Katz & Friedman, of counsel), for appellants.

William J. Scott, Attorney General, of Chicago (George W. Lindberg and Paul J. Bargiel, Assistant Attorneys General, of counsel), for appellees.

Mr. JUSTICE McNAMARA delivered the opinion of the court:

Plaintiffs, John Dienes, Alfred Cavazos, and Rueben Rodriguez, appeal from an order of the circuit court of Cook County upholding a decision of the Director of Labor in favor of Continental Grain Company. The Director found that plaintiffs were ineligible to receive unemployment compensation benefits under section 604 of the Illinois Unemployment Compensation Act. Ill. Rev. Stat. 1977, ch. 48, par. 434.

Prior to September 1, 1971, plaintiffs were employed by Continental, an operator of grain elevators in the Chicago area. On that date, members of a union began a lawful economic strike against all grain elevator employees in the Cook County area. Plaintiffs did not cross the picket line at Continental. The work stoppage ended in October 1971, but resumed in November.

During November 1971, plaintiffs obtained employment with another grain elevator employer, Carey Grain Corporation, which had reached an agreement with the union. Dienes, who had been employed by Continental as an operator, worked at Carey as a maintenance man from November 22, 1971, to January 8, 1972. Rodriguez, an operator at Continental, had the same position and income at Carey from November 12, 1971, to January 8, 1972. Cavazos worked at Carey from November 30 to December 25, 1971. He was a millwright at Continental, but the record does not show his position at Carey. Plaintiffs were laid off at Carey due to lack of work. They returned to Continental at the termination of the strike.

After they were laid off by Carey, plaintiffs filed claims for unemployment compensation benefits for the period of that layoff. At the hearing, Dienes and Cavazos testified that they considered their employment at Carey to be permanent. Rodriguez, who the record discloses has difficulty with the language, did not clearly testify whether he intended to remain at Carey indefinitely. He stated, "They [Carey] said for temporary * * * but they give me layoff in 30 days."

The Director determined that plaintiffs were ineligible to receive benefits under section 604 which provides in pertinent part:

> "An individual shall be ineligible for benefits for any week with respect to which it is found that his total or partial unemployment is due to a stoppage of work which exists because of a labor dispute at the factory, establishment, or other premises at which he is or was last employed."

The Director found that, for purposes of determining eligibility, plaintiffs' "last employer" was Continental. He further found that since the work stoppage at Continental was due to a labor dispute, plaintiffs could not claim unemployment compensation benefits. The Director concluded that plaintiffs' employment at Carey did not constitute severance of their employment relationship with Continental because plaintiffs did not intend to be employed permanently at Carey, did not notify Continental of their intention to quit, and, in fact, returned to Continental at the strike's end. The trial court upheld the Director's decision.

Plaintiffs contend that the interpretation placed by the Director upon the phrase "last employed" was erroneous or, in the alternative, that the Director's decision was contrary to the manifest weight of the evidence. Plaintiffs maintain that "last employed" as used in section 604, should literally be construed to mean "last in time" and that such a construction would mandate a finding that plaintiffs' last employer was Carey. Since there is no qualifying language in the statute, plaintiffs contend that the Director erred in imposing a requirement that the subsequent employment be bona fide, permanent, and result in a complete severance of the former employment relationship. Plaintiffs further argue that even if such an interpretation is correct, the Director's decision is contrary to the manifest weight of the evidence since two plaintiffs testified that they considered their prior jobs at Carey to be permanent. No evidence to the contrary was introduced. As we have noted, the testimony of Rodriguez on this point was ambiguous.

The Director maintains that his interpretation of the phrase "last employed" is consistent with the policy underlying section 604, namely, that the State shall not lend support to one side of a labor dispute by paying unemployment compensation benefits to those who elect to strike. (*Buchholz v. Cummins* (1955), 6 Ill. 2d 382, 128 N.E.2d 900.) The Director

states that the construction of the statute urged by plaintiffs would undermine this policy by permitting striking employees to circumvent the ineligibility provision simply by obtaining temporary interim employment. The Director argues that under plaintiffs' interpretation, any subsequent employment for however short a period and regardless of the employee's good faith in obtaining that employment, would remove the disability. The Director urges that the legislature could not have intended this result. The Director contends that "last employed" is intended to mean last regularly or permanently employed and that such an interpretation is both consistent with the legislative policy and with the interpretation employed by courts in other jurisdictions.

Since the issue is dispositive of this appeal, we need consider only whether the Director applied the proper standard to determine whether claimants were eligible for benefits. This question is a matter of first impression in Illinois. The Director relied primarily upon a California case, *Mark Hopkins, Inc. v. California Employment Com.* (1944), 24 Cal. 2d 744, 151 P.2d 229, as authority for the conclusion that claimants were ineligible for benefits. The relevant portion of the California Unemployment Insurance Act (Stats. 1939, ch. 7, §4, Cal. Gen. Laws Ann. Supp. Act 8780d, §56(a) (Deering 1939)), provided that an individual would not be eligible for benefits "[i]f he left his work because of a trade dispute and for that period during which he continues out of work by reason of the fact that the trade dispute is still in active progress in the establishment in which he was employed." The claimants in *Mark Hopkins* obtained employment subsequent to the beginning of the strike, but were for various reasons unemployed before the strike ended. The claimants also stated that they intended to return to their original employer at the termination of the strike. The California Supreme Court held that claimants' subsequent employment did not serve to remove the disqualification imposed by the statute since the claimants failed to sustain their burden of showing that their subsequent employment was bona fide and permanent. The *Mark Hopkins* rationale has been followed in several other jurisdictions which have considered the issue. See *In re Hatch* (1972), 130 Vt. 248, 290 A.2d 180; *E. I. DuPont De Nemours & Co. v. Dale* (Del. Sup. 1970), 271 A.2d 35; *Scott v. U.C.C.* (1962), 141 Mont. 230, 376 P.2d 734; *Huck v. Industrial Com.* (Mo. App. 1962), 361 S.W.2d 332; *Oluschak Unemployment Compensation Case* (1960), 192 Pa. Super. 255, 159 A.2d 750; *Bruley v. Florida Industrial Com.* (Fla. App. 1958), 101 So. 2d 22; *Westinghouse Electric Corp. v. Board of Review* (1957), 25 N.J. 221, 135 A.2d 489; *Gentile v. Director of the Division of Employment Security* (1952), 329 Mass. 500, 109 N.E.2d 140.

A minority view holds that the phrase "last employed" means "last in time." In *Great Lakes Steel Corp. v. Employment Security Com.* (1968),

381 Mich. 249, 161 N.W.2d 14, the Michigan Supreme Court held in favor of several claimants who had obtained employment subsequent to the commencement of a strike at Great Lakes Steel. The claimants were laid off from the interim employment prior to the termination of the strike and returned to work at Great Lakes Steel thereafter. The duration of their interim employment ranged from a few days to several weeks.

The court held that the claimants were entitled to benefits for the period of unemployment between the time they were laid off by the interim employer and the time they returned to Great Lakes Steel. In doing so, it affirmed the appellate court's finding that the interim employer became the establishment at which claimants were "last employed" for purposes of determining eligibility for benefits. There was no discussion of the claimants' good faith in obtaining other employment or whether they intended the subsequent employment to be permanent. A similar result was reached in *In re Claims of Lasher* (1955), 308 N.Y. 878, 126 N.E.2d 312, where claimants' post-strike employment lasted only six days.

■■ Turning to the present case, we must keep in mind certain well-established rules of statutory construction. The first of these mandates that when the language of a statute is clear and unambiguous, "the only legitimate function of the courts is to enforce the law as enacted by the legislature." (*Beckmire v. Ristokrat Clay Products Co.* (1976), 36 Ill. App. 3d 411, 415, 343 N.E.2d 530; *Department of Public Works & Buildings v. Schon* (1969), 42 Ill. 2d 537, 250 N.E.2d 135.) A second rule of statutory construction requires us, in the absence of any ambiguity, to ascribe to words used in the statute their ordinary and commonly accepted meaning. (*United Air Lines, Inc. v. Mahin* (1971), 49 Ill. 2d 45, 273 N.E.2d 585; *City of Chicago v. Nielsen* (1976), 38 Ill. App. 3d 941, 349 N.E.2d 532.) We are not at liberty to restrict or enlarge the plain meaning of an unambiguous statute. (*Bovinette v. City of Mascoutah* (1973), 55 Ill. 2d 129, 302 N.E.2d 313.) Furthermore, since section 604 is an exception to the coverage of the Unemployment Compensation Act, it is to be literally construed. *Mid-South Chemical Corp. v. Carpentier* (1958), 14 Ill. 2d 514, 153 N.E.2d 72.

■■■ We believe there is no ambiguity in the phrase "last employed" and hence no room for statutory construction. In its plain and ordinary meaning, the phrase refers to the establishment at which the claimant was employed immediately preceding the period of unemployment. It is not disputed that claimants were employees of Carey and that their subsequent unemployment was occasioned by a lay off rather than a labor dispute. Claimants thus do not fall within the ineligibility provisions of section 604. The Director erred in finding that claimants were required to demonstrate that their employment at Carey was bona fide and

permanent since no such qualification is contained in the statute. As we have noted, this court is not authorized to redraft an unambiguous statute or to inject provisions not found in the statute, however desirable they may appear to be. *Western National Bank v. Village of Kildeer* (1960), 19 Ill. 2d 342, 167 N.E.2d 169; *People v. Day* (1926), 321 Ill. 552, 152 N.E. 495.

For the reasons stated, the judgment of the circuit court of Cook County upholding the Director's decision that plaintiffs were not eligible to receive unemployment compensation benefits is reversed, and the cause is remanded for further proceedings consistent with the holding of this opinion.

Judgment reversed and remanded.

JIGANTI, P. J., and SIMON, J., concur.