(No. 39403.—

THE PEOPLE *ex rel.* JANET HORWITZ, Petitioner, *vs.* DAVID CANEL, Judge, *et al.,* Respondents.

*Opinion filed March 24, 1966.*

James A. Dooley, of Chicago, for petitioner.

Richard E. Mueller, of Chicago, for respondents.

Mr. Justice House delivered the opinion of the court:

Leave was granted petitioner, a minor, through her parents, to file an original petition for writ of *mandamus* in this court against David Canel, a judge of the circuit court of Cook County, to compel him to expunge an order entered in an action by the minor against defendants, who were a hospital for negligent use of an incubator and a manufacturer for negligence in design and manufacturer of the incubator.

A series of pretrial conferences were held but no stipulation as to facts or exhibits was entered into. The possibility of settlement was discussed during which the hospital's counsel represented that its policies of liability insurance totalled only $50,000, and that the proceeds of the insurance in that amount were the only nontrust funds available to the hospital. Respondent urged the hospital to persuade its insurers to waive their policy defenses. They did waive and agreed to pay the policy limits totalling $50,000 to the clerk of the court.

The order was then entered without hearing. It contained findings that the policies totalled $50,000, that the entire proceeds had been tendered to petitioner, that the hospital is a charitable corporation, that these were the only funds available, and that petitioner had not shown that she could collect any funds in excess of the policy limits. The order directed that if petitioner recovered judgment in ex-

cess of $50,000, but was unable to discover any other non-trust assets, then the expenses of the litigation, including attorneys fees, of the hospital were to be paid from that fund. Further, if the judgment against the hospital was less than $50,000, the costs, including attorneys fees, would be deducted from the judgment. In the event petitioner accepted the $50,000 in settlement, there would be deducted all costs and expenses, including defendants' attorneys fees, incurred from the date of payment to the clerk to the date of acceptance.

Petitioner objected to the order on the grounds, among others, that the court lacked power to enter an order coercing settlement, that the finding that policy proceeds were the only nontrust funds was premature and that there was no authority for charging defendants' attorneys fees and expenses of litigation to petitioner. She also objected that the order was a constitutional deprivation of due process and the right to a trial by jury.

In our opinion, recourse to constitutional infirmities is unnecessary. There is nothing in our pretrial Rule 22, (Ill. Rev. Stat. 1965, chap. 110, par. 101.22,) which can be reasonably used as the basis of an order such as this.

The order imposes a penalty if petitioner continues her litigation. By seeking relief in this *mandamus* action, she is subjecting herself to the hospital's expenses and attorneys fees under the terms of the order. Generally, attorneys fees and expenses are not allowable to the successful litigant in the absence of statute or agreement of the parties. (*Ritter* v. *Ritter,* 381 Ill. 549.) Respondent relies on section 41 of the Civil Practice Act, (Ill. Rev. Stat., 1965, chap. 110, par. 41,) which provides for payment of expenses and attorneys fees by a party when allegations and denials are made without reasonable cause and not in good faith. It is argued that because petitioner's counsel insisted that nontrust funds might be available to satisfy any judgment entered and refused to indicate where such funds might be found, he was

not acting in good faith and that section 41 applied. Respondent concedes that certain language in *Moore* v. *Moyle,* 405 Ill. 555, supports petitioner's position that the question of collectability from a charitable institution does not affect its liability, but asserts that the opinion is not entirely clear on the point. However, recourse to *Moore* v. *Moyle* is not required here. The affidavit in behalf of the hospital designating it as a not-for-profit corporation without non-trust funds and the amendment to the answer alleging its immunity were not filed until some time after the order was entered. There was, therefore, not even an issue on this question on the date of the order. The action of petitioner's counsel was not such as to subject him to the penalties of section 41. (He may well have believed that our opinion in the *Molitor* case (*Molitor* v. *Kaneland Community Unit Dist.* 18 Ill.2d 11) foreshadowed our holding in *Darling* v. *Charleston Community Memorial Hospital,* 33 Ill.2d 326, issued subsequent to the order in question.) Rule 22 limits a trial court's jurisdiction on pretrial, and nothing in the rule authorizes coercion of a party into settlement in an amount arbitrarily fixed by the court or the imposition of sanctions on a party who refuses to settle.

For the foregoing reasons, we are of the opinion that it was not within the discretion of the trial court to enter the order in question and that the order was void. The proper remedy in such a case is an original writ of *mandamus* to expunge the void order. *People ex rel. Ward* v. *Salter,* 28 Ill.2d 612; *People ex rel. Town Court of Cicero* v. *Harrington,* 21 Ill.2d 224.

The petition for writ of *mandamus* is granted and respondent, as a judge of the circuit court of Cook County, is hereby directed to expunge the order.

*Writ awarded.*