People of the State of Illinois ex rel. Edward Henderson, et al., Plaintiffs-Appellants, v. Hal Redfern, Board of Supervisors of Macoupin County, Illinois, and W. J. Payes, Jr., Director of Department of Public Works and Buildings, Defendants, Hal Redfern, Defendant-Appellee.

Gen. No. 10,982.

Fourth District.

December 30, 1968.

McGrady and Madden, of Gillespie, for appellants.

John W. Russell, Phelps & Russell, of Carlinville, for appellee.

MATHERS, J.
The parties to this appeal were plaintiffs and defendants in a companion case of People ex rel. Henderson v. Redfern, 75 Ill App2d 196, 197 NE2d 841, in which case this court affirmed the judgment of ouster in a quo war-

ranto action against defendant Hal Redfern (January 10, 1966) from the office of County Superintendent of Highways, entered by the Circuit Court of Macoupin County. The mandate of this court was filed in the office of the Circuit Clerk of Macoupin County on February 14, 1967. Thereafter, on March 2, 1967, plaintiffs filed a motion for costs and attorneys' fees under the provisions of the Quo Warranto Act and the Civil Practice Act. The denial of the motion with respect to attorneys' fees, after hearing of evidence thereon, has resulted in this appeal.

We have taken with the appeal appellee's motion to dismiss, alleging failure by appellants to file their Notice of Appeal within 30 days after the "entry of the final judgment appealed from." (Supreme Ct Rule 303.) The record discloses that the trial judge, by letter dated May 17, 1967, and following hearings on the motion on April 19 and April 28, advised counsel as to his ruling on the motion and directed that an order be prepared. When no order had been received by the trial judge by July 21, 1967, he made a docket entry of his decision and requested defendant-appellee's counsel to prepare the order. On November 17, 1967, on plaintiffs' oral motion, leave was granted plaintiffs to present additional testimony on November 22, 1967. On this date, at which there was no appearance by defendant Redfern, the written order was filed though it was dated July 21, 1967. The Notice of Appeal was filed December 22, 1967. This presents the question of the date of the "entry of the final judgment appealed from" within the meaning of Supreme Court Rule 303.

It is true that final judgment can be entered by pronuouncement in open court with all parties present and by docket entry with written order to follow, as well as by the usual formal written order. In this case, while there is strong evidence that the court meant the docket entry of July 21 to fix the date of entry of final judgment, with written order to follow, a docket entry on No-

134

vember 17 gave leave to plaintiffs to introduce additional testimony on November 22. When none was offered, the formal written order was filed, though predated to the docket entry date of July 21.

■ Under these circumstances we conclude that Notice of Appeal filed on December 22, 1967, was timely, it having been filed within 30 days of the entry of the order on November 22, 1967. Until such date the record suggests the case was not formally and finally concluded.

■ We turn then to the substantive issue raised by the appeal as to plaintiffs-appellants' right to have judgment for attorneys' fees against the defendant-appellee. The assessing of attorneys' fees against the losing party rests wholly upon statutory or contractual authority. Ritter v. Ritter, 381 Ill 549, 46 NE2d 41; Vol 15, ILP, Damages, § 62. There is no common law or equitable principle allowing attorneys' fees either as costs or damages. We are concerned here, therefore, only with the provisions of the two statutes relied upon by plaintiffs in their petition for fees. Section 41 of the Civil Practice Act (Ill Rev Stats 1967, c 110, § 41) provides as follows:

"Allegations and denials, made without reasonable cause and not in good faith, and found to be untrue, shall subject the party pleading them to the payment of reasonable expenses, actually incurred by the other party by reason of the untrue pleading, together with a reasonable attorney's fee, to be summarily taxed by the court at the trial."

The remedy in this provision is clearly limited to matters before the trial court, primarily in connection with pleadings, and requires that it be sought "at the trial." It is apparent that plaintiffs' petition for costs and attorneys' fees at this stage of proceedings does not satisfy

135

the requirements of section 41 with respect to the timing or the substance of a petition thereunder.

Paragraph 14 of the Quo Warranto Act (Ill Rev Stats 1967, c 112, par 14) provides in part as follows:

"In case any person or corporation against whom such complaint is filed is adjudged guilty as charged in the complaint, the court may give judgment of ouster against such person or corporation from the office or franchise, and fine such person or corporation, and also give judgment in favor of the relator for the cost of the prosecution: Provided, that instead of judgment of ouster from a franchise for an abuse thereof, the court may fine the person or corporation found guilty in any sum not exceeding $25,000.00 for each offense. When judgment is given for any defendant, such defendant shall recover costs against the relator."

■ We have found no Illinois cases defining the phrase "cost of the prosecution" under this section. The Illinois Legislature in a variety of proceedings has provided specifically that attorneys' fees may be recovered by the successful party, but it did not do so under the Quo Warranto Act. While there might well be situations prompting action under this Act that in equity would dictate assessing attorneys' fees against a party, this is a matter for legislative rather than judicial action. Consideration of the propriety of assessing attorneys' fees is permissible only where the statute specifically allows their assessment and we may not judicially enlarge the phrase "cost of the prosecution" to include such expense.

■ For reasons stated the judgment of the trial court allowing plaintiffs recovery of certain costs but denying recovery of attorneys' fees in this matter is affirmed.

Affirmed.

TRAPP, P. J. and CRAVEN, J., concur.