(No. 41369.—

The House of Vision, Inc., Appellee, *vs.* William M. Hiyane *et al.,* Appellants.

*Opinion filed January 29, 1969.—Rehearing denied March 25, 1969.*

46

MASON, ALBRIGHT, STANSBURY & ROSE, of Chicago, for appellants.

LAWRENCE J. WEST and LEO SPIRA, both of Chicago, for appellee.

Mr. JUSTICE HOUSE delivered the opinion of the court:
This appeal is an aftermath of litigation between the

parties to enforce a covenant against a former employee of plaintiff not to compete in the business of selling and servicing optical products, particularly contact lenses. The trial court reduced the area limitation and placed a five-year time limitation on the covenant. It enjoined the former employee William M. Hiyane from dispensing or servicing contact lenses within 20 miles of plaintiff's office for five years and enjoined Acro Contact Lens Service, Inc., the new employer, from employing him in the restricted area during that period. Master's fees of $3,043.25 less the security deposit of defendants of $1,000, were ordered paid, ¼ by plaintiff and ¾ by the former employee. On the first appeal, opinion in which was filed March 29, 1967, we held that the restrictive covenant was unreasonable, reversed the judgment and remanded "with directions to dismiss the complaint for want of equity and to assess the fees of the master in chancery and other costs against the plaintiff." 37 Ill.2d 32.

On May 6, 1967, defendants moved to retax costs and attached an affidavit certifying costs and expenses incurred in the appeal to this court in the total sum of $16,293.50. They included attorneys' fees of $13,000 and various amounts for printing of briefs, supersedeas bond premiums and travel expenses, together with secretarial service, special paper and "synthesis" in connection with the abstract of record which are in addition to a $400 charge for reproducing the abstract. On the same day they filed a motion to amend the mandate by including a direction to tax costs in all proceedings, including attorneys' fees, and all costs related to an interlocutory appeal by plaintiff. Both motions were denied by this court on May 11, 1967.

Thereafter, on December 27, 1967, defendants filed suggestions of costs and damages pursuant to section 12 of the act pertaining to injunctions. (Ill. Rev. Stat. 1967, ch. 69, par. 12.) Costs, including court reporter fees of $581.30 and items other than the $35 docket fee, $16 transcript cost

and $400 for abstract, were alleged to be $1,288.27, minus a credit for the last three items totaling $451 received from plaintiff. Damages suggested were $1705.16 (consisting primarily of printing and secretarial services) plus attorneys' fees of $36,241 ($26,280 of which was alleged to relate to the appeal to this court) and $30,000 for lost business. The trial court dismissed defendants' suggestion of damages by reason of the mandate of this court and directed payment by the plaintiff of additional costs of $21.30, and upon payment of the latter amount in open court the judgment was satisfied. Our jurisdiction is invoked because of alleged constitutional questions.

Defendants argue that our mandate did not preclude them from proceeding on the issue of damages. This flies in the face of the plain language of the mandate which is in the exact language of the directions in the opinion: "to dismiss the complaint for want of equity and to assess the fees of the master in chancery and other costs against the plaintiff". (37 Ill.2d at p. 40.) As was stated in *Thomas* v. *Durchslag,* 410 Ill. 363, 365, (where plaintiff sought to contest reimbursement after a prior opinion had held taxes, interest and costs reimbursable and directed conformance with the opinion) : "Where, as here, the directions of a reviewing court are specific, a positive duty devolves upon the court to which the cause is remanded to enter an order or decree in accordance with the directions contained in the mandate. Precise and unambiguous directions in a mandate must be obeyed." (*Harnof* v. *The Kroger Co.,* 40 Ill.2d 545; *Fisher* v. *Burks,* 285 Ill. 290.) In this case the trial court properly followed the mandate by refusing to consider the question of damages, set a hearing on costs and entered an order for payment of $21.30 additional to master's costs of $3,043.25 and $451 costs assessed by the clerk of this court and theretofore paid by plaintiff.

Defendants further argue that if they were precluded from a hearing on the issue of damages, which issue "be-

came ripe only on remand", there was a violation of due process. This argument is enlarged by the further assertion of due process violations; (1) by the court's refusal to dissolve the preliminary injunction order thereby preventing them from taking timely action under the Injunction Act and (2) that the dissolution of a permanent injunction on appeal has the same effect as a wrongful preliminary injunction at the completion of a trial of the merits.

At the outset we dispose of the contention that the damage provision of the injunction act applies to permanent as well as temporary injunctions. In *Schien* v. *City of Virden,* 5 Ill.2d 494, this court squarely held that the purpose of the statute was to provide a summary means of assessing damages for the wrongful issuance of a temporary injunction and that the statute applied only to temporary injunctions. It was there pointed out that in an action for a permanent injunction and a temporary injunction issued prior to a determination on the merits, separate and distinct issues are involved and the issues as to issuance of a temporary injunction are not dependent upon the holding on the merits. (See also *United Mail Order, Warehouse & Retail Employees Union* v. *Montgomery Ward & Co.,* 9 Ill.2d 101.) As precedent this court in *Schien* cited *Chicago Title & Trust Co.* v. *De Lesaux,* 336 Ill. 522. Defendants are severely critical of dependence on the *De Lesaux* case as precedent because it was under section 8, not section 12. The difference between the two is that section 8 pertains to injunctions restraining the collection of a judgment while section 12 deals with all other types of injunctions. The two are analagous, however, because each refers to dissolution and envisions dissolution prior to final disposition of the case. We adhere to the established view that damages under section 12 are collectible only for wrongful issuance of temporary injunctions, when properly sought.

The question then is whether, in the posture of this case, defendants are entitled to be heard on the question of dam-

ages by virtue of the order for a temporary injunction. Plaintiff prayed that defendant Hiyane be temporarily restrained from engaging in the same or similar business, that Acro be enjoined from employing Hiyane, that the temporary injunction be made permanent and for judgment for monetary damage suffered. The injunctive relief prayed was denied, but an order was entered granting a temporary injunction against Hiyane only enjoining him from soliciting patients or customers he served while in plaintiff's employ until "termination of a full and complete hearing by the master", upon the deposit of a $1,000 bond. In the same order the court found the restrictive covenant unenforceable and void. No motion was then filed alleging the injunction to have been wrongfully issued and requesting its dissolution (nor was one ever filed). Plaintiff appealed to the Appellate Court, First District, which affirmed issuance of the temporary injunction, but reversed that portion of the order holding the covenant void and remanded with instructions to set the case for full hearing. After that interlocutory appeal the cause was heard on the merits in the trial court which resulted in the judgment reversed on the former appeal to this court.

In order that damages may be recovered, a temporary injunction must be dissolved before final judgment on the merits. As heretofore noted, the purpose of section 12 is "to provide a summary mode of assessing damages for the *wrongful* issuance of a *temporary* injunction upon its *dissolution before final judgment.* * * * If the temporary injunction is not dissolved before the hearing on the merits, if it is merged into the permanent injunction when plaintiff prevails, or if it becomes *functus officio* by reason of the complaint being dismissed there has been no legal determination that it was wrongfully issued and there can be no assessment of damages by this summary procedure. *Schuler* v. *Wolf,* 372 Ill. 386. * * * The language of the statute is clear and unambiguous. It clearly applies only where the

injunction 'is dissolved' and 'before finally disposing of the suit'." (*Schien* v. *City of Virden,* 5 Ill.2d 494, 503-504.) Similarly, in *United Mail Order Warehouse and Retail Employees Union* v. *Montgomery Ward & Co.,* 9 Ill.2d 101, (even though a permanent injunction was there finally granted) it was held that since the temporary injunction was not dissolved before determination on the merits damages could not be recovered.

Here, no motion was ever made by defendants to dissolve the temporary injunction until after a holding on the merits. The motion at the hearing on the suggestion of damages (not appearing of record but conceded by plaintiff to have been made) came too late. There was no violation of due process either in this court's remandment for assessment of costs only or in the trial court's refusal to hear evidence of damages. Our procedure under the statute gave defendants ample opportunity to seek dissolution of the temporary injunction in apt time thereby giving them an opportunity to be heard on the question of damages suffered in securing dissolution.

Defendants next raise the issue, long settled by this court to the contrary (but now clothed in due process terms) that the eventual successful litigant should receive indemnification of all attorneys' fees and actual expenses reasonably incurred in enforcing his rights. They recognize that in this country, contrary to the English system, the idea has had scant acceptance. Apparently to avoid the view that this is a legislative matter, they suggest that this court has the power to make the change through its rule-making power. The constitutional argument seems to be that Illinois "and the rest of the States" tend to discourage persons from seeking vindication because they cannot be made whole. This and similar arguments have often been made without avail. (See *Fleischmann Distilling Corp.* v. *Maier Brewing Co.,* 386 U.S. 714, 18 L. Ed. 2d 475, 87 S. Ct. 1404.) Our oft-stated view is that, in the absence of statute

(with exceptions not here germane), attorneys' fees and the ordinary expenses and burdens of litigation are not allowable to the successful party. (*Scherzer* v. *Keller,* 321 Ill. 324; *Patterson* v. *Northern Trust Co.,* 286 Ill. 564; *Ritter* v. *Ritter,* 381 Ill. 549.) It is unnecessary to comment upon our rule-making power since we are not disposed to change a doctrine so ingrained in our system of jurisprudence.

While not necessary to a decision in this case, we point out that the mandate sought by defendants (directing indemnification of *all* attorneys' fees, expenses and court costs incurred by them from the beginning of this case to and including those relating to this third appeal) goes far beyond reimbursement permitted under section 12. It must be confined to those expenses necessarily incurred in procuring the dissolution of the temporary injunction. *Scherzer* v. *Keller,* 321 Ill. 324.

The ruling of the circuit court of Cook County is correct and its judgment is affirmed.

*Judgment affirmed.*