**Edward O'Hare, Plaintiff-Appellee, v. Charles Moniak, Defendant-Appellant.**

**Gen. No. 53,594.**

First District, First Division.

May 19, 1969.

Baker & McKenzie, of Chicago (Francis D. Morrissey and John T. Coleman, of counsel), for appellant.

No brief for appellee.

MR. PRESIDING JUSTICE ADESKO delivered the opinion of the court.

This is an appeal by the defendant, Charles Moniak, from an order of the trial court which imposed upon the defendant the obligation of paying to the plaintiff, Edward O'Hare, attorney's fees incurred in the unsuccessful prosecution of the plaintiff's lawsuit. The plaintiff had sought recovery from the defendant for property damage purportedly caused by the penetration of tree roots from defendant's tree into the adjacent land of the plaintiff. The plaintiff's action was dismissed for failure to state a cause of action, but the court, on its own motion, entered an order taxing attorney's fees against the defendant. The plaintiff-appellee has not filed a brief nor has he appeared in these proceedings in the Appellate Court.

■ ■ Although the record reveals that the defendant did not expeditiously pursue its Motion to Dismiss, there is no indication of bad faith or vexatious tactics on the defendant's behalf. The defendant contends that attorney's fees are not allowable to the successful party in the absence of a statute or in the absence of some agreement or stipulation specifically authorizing the allowance thereof, and are never allowed to unsuccessful litigants. We agree. Such contention is well established in this State. Ritter v. Ritter, 381 Ill 549, 46 NE2d 41 (1943); McGookey v. Winter, 334 Ill App 307, 79 NE2d 306 (1948). It should be noted also that section 10 of the Costs Act, Ill Rev Stats 1967, c 33, § 10, does not authorize the assessment of attorney's fees to either the successful or unsuccessful litigant. Bortree v. Macon, 121 Ill App 111 (1906).

The order entered against the defendant assessing attorney's fees as costs was error, and is therefore reversed.

Judgment reversed.

MURPHY and BURMAN, JJ., concur.