GILBERT-HODGMAN, INC., Plaintiff-Appellant, *v.* CHICAGO THOROUGHBRED ENTERPRISES, INC., Defendant-Appellee.

(No. 58996;

First District (3rd Division)—January 31, 1974.

Hoffman & Davis, of Chicago (David I. Hoffman and John L. Leonard, of counsel), for appellant.

Daley, Reilly & Daley, of Chicago (James M. O'Shaughnessy, of counsel), for appellee.

Mr. PRESIDING JUSTICE McNAMARA delivered the opinion of the court:

Prior to trial, plaintiff gave notice to defendant and sought a voluntary dismissal of its suit pursuant to section 52 of the Civil Practice Act (Ill. Rev. Stat. 1971, ch. 110, par. 52). The circuit court of Cook County granted the dismissal but taxed as costs to the plaintiff attorney's fees and certain expenses incurred by defendant's counsel in the amount of $5,325.95. Plaintiff's sole issue on appeal is the propriety of the order imposing fees and expenses.

On March 23, 1970, plaintiff filed suit against defendant to recover $18,060.01 for the cost of repairs of certain fire damage which occurred on May 14, 1968, at the Arlington Park racetrack. Defendant's answer

set forth the affirmative defense that plaintiff was responsible for the fire and had the duty to repair the damage at its own expense.

When the case reached the trial call, plaintiff served notice on defendant and requested a voluntary dismissal without prejudice, indicating that it was prepared to tender proper taxable costs to defendant. Defendant objected, and asked that the order of dismissal be entered with prejudice. In response to a question by the assignment judge, plaintiff indicated that in making its motion it proposed to refile the suit joining an additional party. Plaintiff's prevous efforts to add an additional count and party and to consolidate the present action with one seeking declaratory relief against an insurance company had been objected to by defendant and had been denied by the trial court.

When plaintiff suggested that the court had no discretion in the granting of a voluntary dismissal upon the payment of proper costs, the trial judge entered an order dismissing the suit without prejudice. However, the court instructed defense counsel to submit an affidavit not only of the court costs, but also of their fees and expenses. Defense counsel submitted an affidavit setting forth a sum of $5,325.95. Of this amount defendant's appearance fee and the cost to defendant of transcripts of four depositions came to $317.40; attorneys' fees were listed at $4,487.50; and various expenses, including defense counsel's airline and cab fares in taking depositions, came to $521.05. The trial court thereupon entered an order taxing plaintiff $5,325.95 as costs under section 52 of the Civil Practice Act.

■■ The language of section 52 is clear and unequivocal. Upon the giving of notice and the payment of proper costs, a plaintiff's right to a voluntary dismissal without prejudice prior to trial or hearing is absolute. And the court has no discretion to deny plaintiff's motion for a dismissal in such cases. *Bernick v. Chicago Title and Trust Co.* (1945), 325 Ill. App. 495, 60 N.E.2d 422.

■■ Section 52 does not provide for the taxation of attorney's fees and expenses as costs, and the trial court erred in imposing such items as costs. The rule in Illinois is that, absent specific legislative direction, attorneys fees are not taxable as costs. (*Ritter v. Ritter* (1943), 381 Ill. 549, 46 N.E.2d 41; *People ex rel. Henderson v. Redfern* (1968), 104 Ill. App.2d 132, 243 N.E.2d 252; *People ex rel. Horwitz v. Canel* (1966), 34 Ill.2d 306, 215 N.E.2d 255.) In *House of Vision, Inc. v. Hiyane* (1969), 42 Ill.2d 45, 245 N.E.2d 468, the Illinois Supreme Court rejected the argument that it would be unfair not to allow the recovery of attorney's fees and other expenses by the eventual successful litigant, and stated at pp. 51-52:

"Defendants next raise the issue, long settled by this court to the contrary (but now clothed in due process terms) that the eventual successful litigant should receive indemnification of all attorneys' fees and actual expenses reasonably incurred in enforcing his rights. They recognize that in this country, contrary to English system, the idea has had scant acceptance. Apparently to avoid the view that this is a legislative matter, they suggest that this court has the power to make the change through its rule-making power. The constitutional argument seems to be that Illinois 'and the rest of the States' tend to discourage persons from seeking vindication because they cannot be made whole. This and similar arguments have often been made without avail. [Citation.] Our oft-stated view is that, in the absence of statute (with exceptions not here germane), attorneys' fees and the ordinary expenses and burdens of litigation are not allowable to the successful party, [Citations.] It is unnecessary to comment upon our rule-making power since we are not disposed to change a doctrine so ingrained in our system of jurisprudence."

Accordingly, that part of the order of the circuit court of Cook County directing plaintiff to pay defendant the sum of $317.40 representing defendant's appearance fee and the cost of transcribing four depositions is affirmed. That part of the order directing plaintiff to pay defendant $5,008.55 for attorneys' fees and expenses as costs pursuant to section 52 of the Civil Practice Act is reversed.

Order affirmed in part; reversed in part.

McGLOON and MEJDA, JJ., concur.