DELBERT WALLER, Plaintiff-Appellant, *v.* BOARD OF EDUCATION OF CENTURY COMMUNITY UNIT SCHOOL DISTRICT OF PULASKI, ALEXANDER, MASSAC AND JOHNSON COUNTIES, Defendant-Appellee.

(No. 74-296;

Fifth District—May 1, 1975.

Drach, Terrell and Deffenbaugh, P. C., of Springfield, for appellant.

James W. Sanders, of Marion, for appellee.

Mr. JUSTICE EBERSPACHER delivered the opinion of the court:

This is the second appeal to this Court in this matter, an earlier decision having been rendered in *Waller v. Board of Education of Century Community Unit School District* (1973), 13 Ill.App.3d 1056, 302 N.E.2d 190.

In the first action the facts were that the plaintiff, Waller, was dismissed from his position as superintendent of schools, and reassigned as a teacher. Later, the Board of Education voted to dismiss plaintiff as a teacher as well. The decision of the Board of Education was affirmed by the trial court in April of 1972. On appeal, the judgment of the trial

court was reversed because of the Board's failure to comply with the steps and procedures required by law for such dismissal.

Then, plaintiff, in accordance with section 24—12 of the School Code, filed a motion for damages in the circuit court requesting reinstatement as a teacher, lost wages, and various costs and expenses, including attorney's fees in the amount of $2450. The circuit court granted the items of damage in the motion except for attorney's fees. The court held that attorney's fees are not damages under the School Code. (Ill. Rev. Stat. 1971, ch. 122, par. 24—12). From this judgment, the plaintiff has brought this appeal seeking the award of attorney's fees. There is no dispute as to the facts which preceded this appeal.

The issue presented by this appeal is whether a wrongfully discharged teacher may recover attorney's fees as damages under section 24—12 (Ill. Rev. Stat. 1971, ch. 122, par. 24—12), which reads in pertinent part:

> "If the decision of the board is reversed upon review or appeal, on a motion of either party the trial court shall order reinstatement and shall determine the amount for which the board is liable including but not limited to loss of income and costs incurred therein."

■■ It is clear that at common law in Illinois a successful litigant is not entitled to recover costs and expenses of litigation from the other party. In *Ritter v. Ritter* (1943), 381 Ill. 549, 46 N.E.2d 41, the supreme court stated at pages 552—554:

> "The allowance and recovery of costs rests entirely upon statutory provisions and no liability for costs exists in the absence of statutory authorization. Any party to an action, claiming the right to recover costs from his adversary, must found his right upon some provision of a statute. This has been the law in this State from the earliest time. (*Adams v. Payson*, 11 Ill. 26; *Chase v. De Wolf*, 69 id. 47; *Smith v. McLaughlin*, 77 id. 596; *Byers v. First Nat. Bank*, 85 id. 423; *Dixon v. People*, 168 id. 179; *Rieker v. City of Danville*, 204 id. 191; *Patterson v. Northern Trust Co.*, 286 id. 564.) A court of chancery may be vested with a power to exercise a discretion in awarding costs but the power to act must come from a statute and the discretion must be confined to that which is authorized by legislative enactment. *Constant v. Matteson*, 22 Ill. 546; *Conwell v. McCowan*, 53 id. 363; *Hutchinson v. Hutchinson*, 152 id. 347; *Wilson v. Clayburgh*, 215 id. 506; *Metropolitan Life Ins. Co. v. Kinsley*, 269 id. 529; *Goudy v. Mayberry*, 272 id. 54.
>
> The rule is also well established that attorney fees and the ordinary expenses and burdens of litigation are not allowable to the successful party in the absence of a statute, or in the absence of

some agreement or stipulation specially authorizing the allowance thereof, and this rule applies equally in courts of law and in courts of equity. (*Constant v. Matteson, supra; Conwell v. McCowan, supra; Hutchinson v. Hutchinson, supra; Rasch v. Rasch,* 278 Ill. 261; *Kinane v. Fay,* 168 Atl. (N.J.) 724; *Weinhagen v. Hayes,* 190 N.W. (Wis.) 1002; *Day v. Woodworth,* 14 L.Ed. 181.)  * * *

It may be that the statutory costs awarded to a successful plaintiff are inadequate to compensate him for the injury caused by the defendant's wrongful conduct, but the question of the amount of costs which are to be allowed the successful party and the items of expense to be included therein is a question to be determined by the legislature and not by the courts. *Smith v. Michigan Buggy Co.,* 175 Ill. 619; *Potts v. Imlay,* 4 N.J.L. 330."

In the cases that have followed *Ritter,* the basic principles of that case have been reaffirmed. The statutes which the party seeking fees have sought to use as a basis for recovery have been strictly construed. In *People ex rel. Henderson v. Redfern* (1968), 104 Ill.App.2d 132, 243 N.E.2d 252, two statutes were involved. One statute, section 41 of the Civil Practice Act (Ill. Rev. Stats. 1967, ch. 110, par. 41), provided specifically for attorney's fees but was inapplicable on the facts of the case. That statute provides:

"Allegations and denials, made without reasonable cause and not in good faith, and found to be untrue, shall subject the party pleading them to the *payment of reasonable expenses,* actually incurred by the other party by reason of the untrue pleading, *together with a reasonable attorney's fee,* to be summarily taxed by the court at the trial." (Emphasis added.)

In the alternative, plaintiff sought to rely on section 6 of the Quo Warranto Act (Ill. Rev. Stat. 1967, ch. 112, par. 14) which the court quoted and discussed at page 136:

" 'In case any person or corporation against whom such complaint is filed is adjudged guilty as charged in the complaint, the court may give judgment of ouster against such person or corporation from the office or franchise, and fine such person or corporation, and also give judgment in favor of the relator for the cost of the prosecution:  * * *'

We have found no Illinois cases defining the phrase 'cost of the prosecution' under this section. The Illinois Legislature in a variety of proceedings has provided specifically that attorneys' fees may be recovered by the successful party, but it did not do so under the Quo Warranto Act. While there might well be situations prompting action under this Act that in equity would dictate as-

sessing attorneys' fees against a party, this is a matter for legislative rather than judicial action. *Consideration of the propriety of assessing attorneys' fees is permissible only where the statute specifically allows their assessment* and we may not judicially enlarge the phrase 'cost of the prosecution' to include such expense." (Emphasis added.)

The legislature has in the past *specifically* provided for attorneys' fees where it wished to, and the courts have refused to interpret imprecise language as permitting attorneys' fees.

The appellant here argues that the language of section 24—12 (Ill. Rev. Stat. 1971, ch. 122, par. 24—12) requires or allows the trial court to grant attorney's fees. The language he relies upon is that the trial court is "* * * not limited to loss of income and costs incurred therein" in awarding damages.

In *Miller v. Board of Education* (1968), 98 Ill.App.2d 305, 240 N.E.2d 471, the statute presently under consideration was applied, and court reporter's fees were granted. It is important to note that the court specifically found that the order of the trial court did not include any attorney's fees, and that only court reporter's fees were being considered. The court in that case phrased the issue as whether court reporter's fees were "costs" as that term is used in the statute. At page 312, the court made the following observations:

"Court reporter fees were a necessary expense incurred by the plaintiff and he is entitled to reimbursement therefor. It should be noted that the statute, after prescribing loss of income and costs as damages, provides that damages shall not be limited to such items. Hence some additional damages must have been contemplated by the legislature."

Appellant here argues that if the court reporter's fees are "costs," then some additional elements of damages are permissible, and that attorney's fees would be an additional element of damages that "must have been contemplated by the legislature." They also argue that court reporter's fees and attorney's fees are similar, and have received similar treatment at the hands of the court, and that if court reporter's fees have been allowed, attorney's fees should be allowed as well. If attorney's fees are not allowed, it is argued, the language of the statute is mere surplusage, and that construction must be avoided.

The legislature has determined when attorney's fees should be awarded. It has been done by specific language such as listing "attorney's fees" to overcome the common law rule. Where they have not used such specific language, the courts have consistently refused to give an expanded reading to the legislative language used. See *State ex rel. Henderson v. Red-*

*fern* (1968), 104 Ill.App.2d 132, 243 N.E.2d 252, and the statutes cited therein.

The rationale for the position of the courts was restated in *House of Vision, Inc. v. Hiyane* (1969), 42 Ill.2d 45, 245 N.E.2d 468. In that case the appellant asked for an award of attorney's fees by the court on the basis of the court's rule-making power. The court's answer is given at pages 51—52:

> "Defendants next raise the issue, long settled by this court to the contrary (but now clothed in due process terms) that the eventual successful litigant should receive indemnification of all attorneys' fees and actual expenses reasonably incurred in enforcing his rights. They recognize that in this country, contrary to the English system, the idea has had scant acceptance. Apparently to avoid the view that this is a legislative matter, they suggest that this court has the power to make the change through its rule-making power. The constitutional argument seems to be that Illinois 'and the rest of the States' tend to discourage persons from seeking vindication because they cannot be made whole. This and similar arguments have often been made without avail. (See *Fleischmann Distilling Corp. v. Maier Brewing Co.*, 386 U.S. 714, 18 L.Ed.2d 475, 87 S.Ct. 1404.) Our oft-stated view is that, in the absence of statute (with exceptions not here germane), attorneys' fees and the ordinary expenses and burdens of litigation are not allowable to the successful party. (*Scherzer v. Keller*, 321 Ill. 324; *Patterson v. Northern Trust Co.*, 286 Ill. 564; *Ritter v. Ritter*, 381 Ill. 549.) It is unnecessary to comment upon our rule-making power since we are not disposed to change a doctrine so ingrained in our system of jurisprudence."

Although the appellant here does not ask for attorney's fees on the basis of rule-making powers of the court, *House of Vision, Inc. v. Hiyane,* (1969), 42 Ill.2d 45, 245 N.E.2d 468, is indicative of refusal which attempts to obtain attorney's fees have met where the legislature has not specifically granted attorney's fees.

If the court reporter's fees are "costs" as the court seemed to indicate in *Miller* by its framing of the issue, then attorney's fees are not comparable to them. In *Ritter v. Ritter* (1943), 381 Ill. 549, 46 N.E.2d 41, the court specifically stated the rule applicable to costs, and separately stated the rule applicable to attorney's fees and expenses. They are not the same.

If the court reporter's fees are not "costs" as might be indicated by the quoted language, and come under the broad view that "some additional damages must have been contemplated by the Legislature," the argu-

ment of appellant that unless attorney's fees are granted, the quoted language must necessarily be surplusage, is without merit.

If the legislature had intended to allow attorney's fees under this statute, they would have used specific language as they have in the enactment of other statutes where a grant of attorney's fees was allowed. Appellant argues that the legislative intent to include attorney's fees in the section is provided by the legislative history of the section. However, we find no merit to that contention. The changes in the statutory drafts consisted of a change from enumeration of specific items, to a broader expression. (See Senate Bill 596, 73rd General Assembly, and Senate Bill 596 in House, 73rd General Assembly.) Attorney's fees are not mentioned in the historical materials presented. The inference appellant attempts to draw from the broadening is unwarranted in view of the strong policy in this State against awarding attorney's fees without specific language permitting the award.

For the reasons stated herein, we affirm the judgment.

Judgment affirmed.

JONES, P. J., and CARTER, J., concur.