(No. 75-CC-0234—■)

ELLARD LEE DOUGLAS and JUDITH GRACE DOUGLAS, Claimants, *v.* DEPARTMENT OF CONSERVATION OF THE STATE OF ILLINOIS, , Respondent.

*Order filed October 21, 1977.*

PER CURIAM.

This matter comes before the Court, by Claimant, on a motion to reconsider, Claimants' motion in opposition to Respondent's motion to reconsider, and Respondent's reply to Claimants' motion in opposition to Respondent's motion to reconsider.

In the original opinion in this case, the Court took the position that it was a breach of contract by the Respondent that caused Claimants to incur the expenses for which they now seek recovery. *Douglas and Douglas v. State, 31 Ill.Ct.Cl. 499.*

After reviewing all the motions before the Court, the Court finds that the argument that attorney's fees are not recoverable is untenable. The attorney's fees expended by Claimants were incurred in litigation with a third party. The litigation with the third party was brought on as a consequence of the failure of the Respondent to perform as agreed under its contract with Claimants.

Respondent cites *People v. Redfern, 104 Ill. App. 2d 132, 243 NE2d 252.* In that case, however, the attorney's fees were incurred in the litigation with the defendant, and the Court held that only when there is statutory authority for assessing attorney's fees are they to be allowed. See, for example, Sec. 41 of the "Civil Practice Act" Ill. Rev. Stat., Ch. 110, Sec. 41, where it provides that reasonable attorney's fees are allowed where untrue allegation and denials are made without reasonable cause.

Respondent also cites *O'Hare v. Moniak 110 Ill. App. 2d 327, 249 NE2d 178,* which is also to the effect

that a statute must authorize the assessment of attorney's fees.

However, in the case before this Court, attorney's fees in the separate litigation with a third party were a result of the Respondent's breach of contract and, hence, are in the nature of an expense incurred as a result of the breach.

In 15 IL&P, Damages - Sec. 62, p. 397 and 398, it is stated:

" . . . where the natural and proximate consequence of a wrongful act has been to involve the plaintiff in litigation with others, there may be, as a general rule, a recovery in damages against the author of such act of the reasonable expenses incurred in such litigation together with compensation for attorneys fees, and such costs as may have been awarded against the plaintiff." Citing *Standard Oil Co. of Ind. v. Daniel, 333 Ill. App. 338, 77 NE2d 526; Freed v. The Travelers, 300 F 2d 395.*

Motion to reconsider heretofore filed by the Respondent is denied and the orgiinal opinion is confirmed.