B & W LIQUORS, INC., Plaintiff-Appellant, *v.* ILLINOIS LIQUOR CONTROL COMMISSION *et al.*, Defendants-Appellees.

First District (1st Division)    No. 80-486

Opinion filed May 18, 1981.

414

Morton Siegel and Michael A. Moses, both of Morton Siegel, Ltd., of Chicago, for appellant.

Tyrone C. Fahner, Attorney General, of Chicago (Karen Konieczny, Assistant Attorney General, of counsel), for appellees.

Mr. JUSTICE McGLOON delivered the opinion of the court:

Plaintiff appeals from the trial court's order affirming the three-day suspension of plaintiff's liquor license. On appeal, plaintiff argues that its reliance on false identification produced during prior sales constitutes affirmative defense to the violation.

We affirm.

Plaintiff B & W Liquors, Inc. (B & W), was charged with selling alcoholic beverages to a minor. After a hearing, the local liquor commissioner of the village of Orland Park entered an order suspending B & W's liquor license for 15 days. B & W appealed to the State of Illinois Liquor Control Commission. After an evidentiary hearing, the State commission found that an illegal sale to a minor occurred. However, it held that B & W's reliance on false identification produced by the minor on previous occasions constituted a mitigating circumstance and therefore reduced the suspension to three days. B & W then filed an action in the circuit court seeking review of the State commission's order. The court affirmed the three-day suspension and held that the State commission's order was neither contrary to law nor against the manifest weight of the evidence.

B & W admits that it sold liquor to a minor on June 7, 1979. On appeal, B & W argues that its reliance on false identification produced by the minor on prior occasions constitutes a defense to the charge. The false identification gave the minor's age as 21. On the date in question, he was 18.

The portion of the Illinois Liquor Control Act in issue provides as follows:

> "Adequate written evidence of age and identity of the person is a document issued by a federal, state, county, or municipal government, or subdivision or agency thereof, including, but not limited to, a motor vehicle operator's license, a registration certificate issued under the Federal Selective Service Act, or an identification card issued to a member of the Armed Forces. Proof that the defendant-licensee, or his employee or agent, demanded, was shown and reasonably relied upon such written evidence in any transaction, forbidden by this Section is competent evidence and may be considered in any criminal prosecution therefor or to any proceedings for the suspension or revocation of any license based thereon." (Ill. Rev. Stat. 1979, ch. 43, par. 131.)

This provision was among the amendments added to the statute in 1973.

In *Ray's Liquor, Inc. v. Newland* (1977), 52 Ill. App. 3d 680, 367 N.E.2d 982, the court addressed a similar issue. It noted that the portion of the statute preceding this paragraph had remained substantially unchanged from prior statutes. Under earlier statutes, a sale to a minor was not excused by the licensee's ignorance or mistake as to the person served. The court therefore stated that the legislature, by amending the statute and adding the above-quoted material, intended that evidence could be introduced to mitigate punishment, not to establish an affirmative defense.

■■■ We further note that statutory language must be given its plain and ordinary meaning. (*Illinois Power Co. v. Mahin* (1978), 72 Ill. 2d 189, 381 N.E.2d 222.) A court is not free to restrict or enlarge the plain meaning of an unambiguous statute. (*Dienes v. Holland* (1978), 64 Ill. App. 3d 109, 380 N.E.2d 1156, *aff'd* (1979), 78 Ill. 2d 8, 397 N.E.2d 1358.) Here, the statute provides that proof of reliance is only a factor to be considered. It does not provide that proof of reliance is a defense to an action against a licensee for violation of the Act. The statute is not ambiguous. To construe it as B & W urges would violate the principles of statutory construction.

For the foregoing reasons, we affirm the judgment of the circuit court of Cook County.

Judgment affirmed.

GOLDBERG and O'CONNOR, JJ., concur.