BERNICE EHREDT, Plaintiff-Appellant, v. FOREST HOSPITAL, INC., Defendant-Appellee.

First District (5th Division)   No. 84—2649

Opinion filed April 11, 1986.—Rehearing denied May 21, 1986.

Lynn A. Cohen and Mark B. Epstein, both of Chicago, for appellant.

William G. Clark, Jr., Ilene Davidson Johnson, and Jerome F. Goldberg, all of Chicago (William G. Clark, Jr., & Associates, Ltd., of counsel), for appellee.

JUSTICE MURRAY delivered the opinion of the court:

After a bench trial, the circuit court of Cook County entered a judgment (1) compelling defendant Forest Hospital, Inc., to permit plaintiff Bernice Ehredt to inspect, correct and copy her medical records, subject to a protective order limiting redisclosure by plaintiff of her social history to anyone other than members of her family and (2) denying plaintiff attorney fees and costs under section 15 of the Mental Health and Developmental Disabilities Confidentiality Act (the Act) (Ill. Rev. Stat. 1983, ch. 91½, par. 815). Plaintiff appeals from that portion of the court's judgment denying her attorney fees and costs. For the reasons set forth below, we affirm.

The record reveals that plaintiff was hospitalized as a psychiatric patient at defendant hospital in 1962, 1966 and 1967. In December 1979, plaintiff began making requests to see her medical records compiled by defendant. Most of plaintiff's records were made available to her except her social history, which defendant contended consisted of personal notes made by plaintiff's therapist and, therefore, was not part of plaintiff's records. On June 30, 1983, plaintiff sought judgment against defendant for its alleged failure to allow her to inspect and copy her social history and "all other records and communications requested," damages for mental anguish and damages arising as a result of defendant's alleged vexatious delay in permitting plaintiff access to her records, and attorney fees and costs. In response, defendant moved to strike plaintiff's claim for damages and requested an *in*

*camera* inspection of plaintiff's social history record pursuant to section 10(b) of the Act. (Ill. Rev. Stat. 1983, ch. 91½, par. 810(b)).) Thereafter, plaintiff filed an amended complaint adding a second count for damages based again on mental anguish. Defendant subsequently filed another motion which sought to strike and dismiss plaintiff's request for damages based upon defendant's alleged delay, and plaintiff's count II amendment to her complaint. In that motion, defendant also alleged that plaintiff's social history was not subject to disclosure since it was not a "record."

On January 23, 1984, the court granted defendant's motion to strike and dismiss count I of plaintiff's complaint seeking damages. Count II of plaintiff's complaint for damages and defendant's motion to strike and dismiss additional allegations, as well as defendant's request for an *in camera* review of plaintiff's social history, were taken under advisement. On March 6, 1984, the court: (1) sustained defendant's motion to strike and dismiss plaintiff's complaint and amendment requesting damages for unreasonable and vexatious delay; (2) found that plaintiff's social history was part of her medical record, rather than the therapist's personal notes and, thus, that plaintiff was entitled to inspect and copy the history; and (3) entered a protective order allowing plaintiff access to her record without excision, but prohibited any redisclosure of her social history, except to family members, without further order of the court. On April 26, 1984, the court denied plaintiff's request for attorney fees and costs pursuant to section 15 of the Act (Ill. Rev. Stat. 1983, ch. 91½, par. 815) and ordered defendant to permit plaintiff to inspect, correct and copy her records.

On appeal, plaintiff argues that the court improperly denied her attorney fees and costs. Specifically, plaintiff contends that the court misconstrued section 15 in that it failed to recognize that defendant had more appropriate, expedient and cost efficient remedies available to protect the privacy of third parties and itself from liability to the third parties, and that as a successful plaintiff she was entitled to fees and costs under section 15 and no "special circumstances" existed justifying a denial of fees and costs.

Section 15 of the Act provides:

> "Any person aggrieved *by a violation* of this Act may sue for damages, an injunction or other appropriate relief. Reasonable attorney's fees and costs *may* be awarded to the *successful* plaintiff in any action under this Act." (Emphasis added.) (Ill. Rev. Stat. 1983, ch. 91½, par. 815.)

The trial court, in denying plaintiff attorney fees and costs, found

that plaintiff failed to prove a "clear" violation of the Act by defendant. Plaintiff argues that the trial court's addition of the word "clear" improperly narrows the statute's scope and, accordingly, violates the rules of statutory construction. We agree.

██ In Illinois, statutory language must be given its plain and ordinary meaning, and a court is prohibited from restricting or enlarging the plain meaning of an unambiguous statute. (*B & W Liquors, Inc. v. Illinois Liquor Control Com.* (1981), 96 Ill. App. 3d 413, 415, 421 N.E.2d 396.) Here, we find no ambiguity in section 15. We first note that the statute simply does not state that a "clear" violation of the Act is required to entitle a successful plaintiff an award of attorney fees and costs. It states that any person aggrieved "by a violation" of the Act may sue for damages. If the legislature intended to require a stricter standard of proof, it could have done so by originally stating that a "clear" violation be proved. Since it did not, we hold that the trial court erroneously misconstrued section 15.

██ ██ Notwithstanding the above, we find the court's error harmless. An error in a conclusion of law is not ground for reversal where the judgment of the trial court is correct and proper. (*Burge Ice Machine Co. v. Dickerson* (1965), 60 Ill. App. 2d 266, 210 N.E.2d 243 (abstract of opinion).) In addition, an erroneous finding of a material fact is not ground for reversal where there are other findings not inconsistent therewith which are unaffected by the error and are sufficient to sustain the judgment. *Evanik v. Janus* (1983), 120 Ill. App. 3d 475, 486, 458 N.E.2d 962.

██ In the instant case, we find that the trial court's other findings were sufficient to sustain its judgment denying plaintiff attorney fees and costs. The trial court found, as do we, that defendant was entitled to a protective order pursuant to section 10(b) of the Act (Ill. Rev. Stat. 1983, ch. 91½, par. 810(b)). Section 10(b) states, in pertinent part, that before a disclosure is made, any party to the proceeding or the court, on its own motion, may request an *in camera* review of the record and the court may prevent or limit disclosure and enter "such orders as may be necessary to protect the confidentiality, privacy and safety of the recipient or of other persons." The facts in this case indicate that defendant sought a protective order, as well as an *in camera* inspection of plaintiff's social history, in order to protect plaintiff's parents and a third party with whom plaintiff had had an extramarital affair and who was named by plaintiff's parents in her social history. The finding that defendant was entitled to a protective order supports the court's conclusion that defendant did not violate the Act by refusing plaintiff access to her social history until it could

be determined whether the disclosure would affect the confidentiality, privacy and safety of plaintiff or other third parties. Moreover, in the absence of a specific provision in the Act clearly stating the circumstances under which a hospital is required to respond to a demand by a former patient for unrestricted access to his or her records, we agree with the trial court that defendant did not act arbitrarily or unreasonably in refusing to voluntarily accede to plaintiff's demands. In further support of this conclusion, we note plaintiff has not appealed the trial court's judgment dismissing her damages counts which were based on mental anguish and vexatious delay allegedly caused by defendant's refusal to permit plaintiff automatic access to her social history.

Accordingly, we hold that the trial court's findings support its determination that defendant's refusal to voluntarily accede to plaintiff's demands for disclosure prior to trial did not violate the Act, and the court correctly ruled that plaintiff was not entitled to attorney fees and costs pursuant to section 15. Where there is no violation of the Act, attorney fees and costs cannot be awarded to an unsuccessful plaintiff.

Because of the above disposition, we find it unnecessary to address plaintiff's remaining arguments pertaining to the court's denial of attorney fees and costs. We briefly note, however, that plaintiff's argument that she was entitled to fees and costs because she was a successful plaintiff is unpersuasive. The concept that the eventual successful plaintiff should receive indemnification of all attorney fees and reasonable expenses incurred in enforcing his rights has had scant acceptance in our American system of justice. It has been held by a legion of cases that in the absence of statute (with exceptions not here germane), attorney fees and the ordinary expenses of litigation are not allowable to the successful party. (*People v. Johnson* (1981), 87 Ill. 2d 98, 107, 429 N.E.2d 497; *House of Vision, Inc. v. Hiyane* (1969), 42 Ill. 2d 45, 51-52, 245 N.E.2d 468.) With this policy in mind, Illinois courts therefore have held that statutes that permit attorney fees and costs are to be strictly construed. *Department of Revenue v. Appellate Court* (1977), 67 Ill. 2d 392, 396, 367 N.E.2d 1302; *Ekco, Inc. v. Edgar* (1985), 135 Ill. App. 3d 557, 562, 482 N.E.2d 130.

Here, it is to be noted that the statute relied upon by plaintiff for her attorney fees and costs does not mandate the award of fees to the successful plaintiff in an action under the Act. It provides that fees *may* be awarded, leaving the propriety of the award to the trial court's discretion. Moreover, the statute authorizes the award of fees only to a *successful* plaintiff. The record in the present case discloses

that plaintiff was, at best, partially successful. The court, in determining that plaintiff's social history was in fact part of her medical record, granted her request to examine her social history, subject to a protective order limiting redisclosure of the history to members of her family until further order of the court. The court struck and dismissed her damages counts, as well as her request for attorney fees and costs. On the other hand, the court held for defendant in finding that it did not violate the Act, granted its motions to strike and dismiss plaintiff's damages counts, and granted its request for a protective order. As mentioned above, plaintiff has not appealed the findings favorable to defendant, except for the court's denial of attorney fees and costs. Under the circumstances, therefore, we cannot equate plaintiff's partial success with that of a "successful" plaintiff as contemplated by the legislature in providing attorney fees and costs under the Act at the court's discretion.

For the forgoing reasons, therefore, the judgment of the circuit court of Cook County is affirmed.

Affirmed.

LORENZ and PINCHAM, JJ., concur.