862 F.2d 869
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
EXPERIMENTAL PATHOLOGY LABORATORIES, INC., Plaintiff-Appellee,
v.
BIOASSAY SYSTEMS CORPORATION, Defendant-Appellant.
 No. 88-1554.
 United States Court of Appeals, Fourth Circuit.
 Argued: Oct. 6, 1988.
Decided: Nov. 15, 1988.
 
 Kevin Matthew Dinan (David J. Curtin, Schwalb, Donnenfeld, Bray & Silbert, on brief), for appellant.
 Michael L. O'Reilly (Susan A. Richards, Rees, Broome & Diaz, P.C., on brief), for appellee.
 Before HARRISON L. WINTER Chief Judge, and SPROUSE and WILKINS, Circuit Judges.
 PER CURIAM:
 
 
 1
 Bioassay Systems Corporation (Bioassay) appeals from an award of attorney's fees and costs to Experimental Pathology Laboratories, Inc. (EPL). We reverse and remand for further proceedings.
 
 I.
 
 2
 In October 1983 EPL entered into a five-year pathology staffing contract with Toxigenics, Inc. In 1985 the contract was assigned by Toxigenics to American Biogenics, Inc. As a condition of its consent to the assignment, EPL obtained a guarantee of performance from Bioassay, American Biogenics' parent corporation. When American Biogenics terminated the contract in 1987, EPL brought this action against Bioassay under the guarantee agreement alleging breach of contract by American Biogenics for nonpayment of invoices (Claim I) and wrongful termination of the staffing agreement (Claim II). The district court granted summary judgment to EPL on Claim I in the amount of $120,759.64, but granted summary judgment to Bioassay on Claim II.
 
 
 3
 EPL then filed an application for attorney's fees of $29,680.97 and actual costs of $2,064.10 for all work allegedly performed through the date summary judgment was granted. Bioassay contested the amount sought, asserting that the application improperly included fees attributable to Claim II on which EPL was unsuccessful. Although the district court acknowledged that EPL was not entitled to fees and costs for work related solely to Claim II, it found that the hours could not be apportioned between the two claims and awarded the full amount requested.
 
 II.
 
 4
 Attorney's fees and other litigation costs are not recoverable by a prevailing party except as specifically allowed by statute or contract. Qazi v. Ismail, 50 Ill.App.3d 271, 364 N.E.2d 595, 596 (1977).[1] EPL seeks attorney's fees and costs pursuant to the guarantee agreement which provides: "We [Bioassay] agree that should it become necessary for EPL to enter suit against us that we shall be liable to pay costs of collection, including reasonable attorney fees incurred in the collection of said balance by suit or otherwise."
 
 
 5
 Bioassay concedes that EPL, as a prevailing party on Claim I, is entitled to attorney's fees and costs in some amount under this provision. However, Bioassay contests the award of fees and costs attributable to Claim II because, under Illinois law, attorney's fees and costs are never recoverable by an unsuccessful party. O'Hare v. Moniak, 110 Ill.App.2d 327, 249 N.E.2d 178, 179 (1969). EPL conceded at oral argument that some hours should not have been considered in the award.
 
 
 6
 The district court did not adequately address the contested hours and this court is not in a position to make the necessary factual inquiries concerning which hours are attributable to which claims or whether hours expended on both claims are separable. Therefore, we remand the matter to the district court for further proceedings. On remand, EPL bears the burden of establishing the reasonableness of its claim for attorney's fees and costs. See Fiorito v. Jones, 72 Ill.2d 73, 377 N.E.2d 1019, 1028 (1978). In addition, the district court should make specific findings in support of the new award. See Barber v. Kimbrell's, Inc., 577 F.2d 216, 226 (4th Cir.), cert. denied, 439 U.S. 934 (1978).
 
 
 7
 REVERSED and REMANDED.
 
 
 
 [1]
 The staffing contract provided: "This Agreement shall be governed by, and construed and enforced in accordance with, the laws of the State of Illinois applicable to agreements executed and to be performed in Illinois." There is no dispute that Illinois law also governs the guarantee agreement