(No. 83-CC-0662 )

J. J. ALTMAN & COMPANY, Claimant, *v.* THE STATE OF ILLINOIS, Respondent.

*Opinion filed January 27, 1994.*

MARVIN W. GOLDENHERSH, for Claimant.

ROLAND W. BURRIS, Attorney General (SUZANNE SCHMITZ, Assistant Attorney General, of counsel), for Respondent.

## OPINION

FREDERICK, J.

This Claimant, J. J. Altman & Company, a corporation, filed its complaint with the Court of Claims on November 4, 1982, seeking $22,448.10 in damages from the State of Illinois for litigation costs it incurred as a result of a lawsuit for fees which the Capital Development Board (hereinafter referred to as C.D.B.), did not pay a subcontractor, American Drilling Company, for work it authorized American Drilling Company to perform.

A trial was held before the Commissioner assigned to the case.

In 1973, the Claimant entered into a contract with the State of Illinois through the C.D.B. for the construction of a regional office building in East St. Louis, Illinois. Claimant by contract was the construction manager. During the course of construction, emergency work was authorized by the Respondent to allow American Drilling Company to perform work on the elevator shafts. The additional services amounted to $8,525.65. These matters were agreed to and stipulated to by the State before the Court, however, the C.D.B. had refused to authorize payment for American Drilling Company. American Drilling Company brought suit against Claimant and received a judgment of $8,525.65 plus court costs of $49.20. During the course of the litigation, Claimant incurred $8,531.25 in legal fees. Claimant proceeded through the administrative procedures of the C.D.B. to recoup the amount owed to American Drilling Company, but the claim was repeatedly refused. After paying the judgment, Claimant initiated this

action to recover the amount of the judgment and expenditures made in defending the claim of American Drilling Company in circuit court.

At the hearing of this matter before the Court of Claims Commissioner, the State stipulated that the State was in fact liable for the amount owed American Drilling Company, $8,525.65. The sole matter before the Court was the liability of the State for attorney's fees incurred by the Claimant in the defense of the suit by American Drilling Company in the amount of $8,531.25 and the court costs of $49.20.

The general rule is that absent a statute to the contrary or case law, each party bears the cost of their own attorney's fees. (*Meade v. State* (1979), 33 Ill. Ct. Cl. 113.) The Claimant has not cited nor can we find a statute authorizing the payment of attorney's fees and court costs under the facts of this case. The Claimant, however, is requesting fees incurred in litigation with a third party, not for fees incurred in the present case. The Claimant contends that the litigation between American Drilling Company is a result of Respondent's conduct. This Court has held that attorney's fees are a proper element of damages recoverable in the Court of Claims where they were incurred in separate litigation with a third party as a result of Respondent's breach of contract and therefore are in the nature of an expense incurred as a result of the breach. (*Douglas v. State* (1977), 32 Ill. Ct. Cl. 113.) The Claimant has relied on *Nalivaika v. Murphy*, 458 N.E.2d 995. *Nalivaika* can be distinguished as it was a case brought in tort, not contract. The matter before the Court is a matter of the parties' contract. If a breach of the underlying contract by Respondent were proven, the Claimant would be entitled to attorney's fees incurred in the third-party litigation. However, the Claimant has not

alleged any facts or presented any evidence to prove a breach of contract by Respondent, nor has the Claimant cited the Court to any section within said contract for support for its argument. The Claimant has the burden of proving its damages. (*Harris v. State* (1989), 41 Ill. Ct. Cl. 184.) Claimant has not met its burden of proof in alleging and proving a breach of contract on the part of Respondent which led to the damages claimed, namely the attorney's fees. The Claimant should recover the amount of the judgment of $8,525.65 incurred in the third-party suit, per the State's stipulation to liability, but cannot recover the attorney's fees or court costs from the third-party litigation.

Based on the foregoing, Claimant, J. J. Altman & Company, a corporation, is awarded $8,525.65 in full satisfaction of its claim.